UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20609-WILLIAMS/LETT

PRESIDENT DONALD J. TRUMP, et al.,

      Plaintiffs,

v.

INTERNAL REVENUE SERVICE, et al.,

      Defendants.

**MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE
BY FORMER GOVERNMENT OFFICIALS
AND PUBLIC INTEREST ORGANIZATIONS**

## INTRODUCTION

Four former government officials, along with the nonpartisan organizations Common Cause and Project On Government Oversight, respectfully submit this motion for leave to file a brief as amici curiae, attached as Exhibit A. Collectively, amici curiae have decades of experience in federal tax law and in defending the Constitution, the rule of law, and the interests of the American people. Amici respectfully submit this brief to present to the Court the interests of taxpayers in this lawsuit, which was filed by the President, two of his sons, and their family business seeking "at least" $10 billion from the U.S. Treasury for alleged unauthorized disclosures of tax return information and alleged Privacy Act violations.

## INTERESTS OF AMICI

**John Koskinen** served as the 48th Commissioner of the Internal Revenue Service. He was confirmed to the position by the Senate in 2013, and he served in the position until 2017. Prior to his service as IRS Commissioner, he served in a number of positions in the public and private sector, including as the non-executive chairman of the Federal Home Loan Mortgage Corporation (Freddie Mac) from 2008 to 2012.

**Kathryn Keneally** served as the Assistant Attorney General for the U.S. Department of Justice's Tax Division. She was confirmed to the position by the Senate in 2012, and she served in the position until 2014. Prior to her service in the Department of Justice, she practiced tax law in private practice for thirty years and served as chair of the American Bar Association's Section of Taxation's Committees on Civil and Criminal Tax Penalties and Standards of Tax Practice.

**Nina Olson** served as the National Taxpayer Advocate from 2001 to 2019. In that role, she led the Taxpayer Advocate Service, an independent organization within the Internal Revenue Service. Prior to serving in that role, she had over two decades of experience representing individual taxpayers at all levels of income.

**Gilbert Rothenberg** served as the Chief of the U.S. Department of Justice, Tax Division, Appellate Section. He joined the Department as a line attorney in the Appellate Section in 1975 and served in the Section until his retirement in 2019.

**Common Cause** is a nonpartisan, grassroots organization dedicated to upholding the core values of American democracy by working to create open, honest, and accountable government that serves the public interest. Common Cause has over 1.5 million members nationwide and local organizations in 23 states.

**Project On Government Oversight (POGO)** is a nonpartisan, independent watchdog that investigates, exposes, and champions reforms on systemic corruption, abuse of power, and waste. POGO envisions a federal government that is effective and accountable—governed by just laws, operating with integrity, and committed to serving the public. Government ethics and public trust in the federal government are at the heart of POGO's mission.

## ARGUMENT

District courts possess the inherent authority to allow amici to assist in their proceedings. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991). Because an amicus "participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus.*" *Resort Timeshare*, 764 F. Supp. at 1501.

This Court should grant this motion for leave to file an amicus brief by former government officials, Common Cause, and POGO because the President currently controls both sides of the litigation. On the Plaintiffs' side, he is the lead plaintiff, alongside his family members and his family business, and on the government side, the President has asserted control over litigation decisions by the Department of Justice. *See, e.g.*, Exec. Order No. 14215, § 7, 90 Fed. Reg. 10447, 10448 (Feb. 24, 2025); Memorandum for All Department Employees from the Attorney General, *Re: General Policy Regarding Zealous Advocacy on Behalf of the United States* (Feb. 5, 2025), https://perma.cc/8C3W-A5BZ.

As the President himself stated in comments he made to the press, "I'm supposed to work out a settlement with myself." White House, *President Trump Gaggles with Press on Air Force One En Route Palm Beach, FL*, at 02:40 (Jan. 31, 2026), https://www.youtube.com/live/IvgGnWcxRhE. In another interview, the President stated: "Essentially, the lawsuit's been won. I guess I won a lotta money. . . . [T]here's never been anything like it." *Read the extended transcript: President Donald Trump interviewed by 'NBC Nightly News' anchor Tom Llamas*, NBC News (Feb. 4, 2026), https://perma.cc/988K-AGAM. Because of these conflicts of interest, there is legitimate reason for concern that neither Plaintiffs nor Defendants may make the arguments that adversarial parties typically would make in cases like this, including arguments the government has made in similar cases. *See, e.g.*, U.S. Mot. to Dismiss 1, *Safe Harbor Int'l, LLC v. IRS*, No. 25-cv-00139 (D. Md. July 23, 2025), ECF No. 31.

2

Courts routinely grant leave to file an amicus brief where the amicus "'contribute[s] to the court's understanding of the matter in question' by proffering timely and useful information." *United States v. Santiago-Ruiz*, No. 17-60022-CRIM, 2017 WL 11454398, at *2 (S.D. Fla. Dec. 4, 2017) (quoting *Conservancy of Sw. Fla. v. U.S. Fish and Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 3603276 at *1 (M.D. Fla. Sept. 9, 2010)). Courts also grant amicus status where "participation as *amicus curiae* will alert the court to the legal contentions of concerned bystanders . . . ." *Resort Timeshare*, 764 F. Supp. at 1500–01 (citation omitted). Those considerations are met here. As experts in tax law and advocates for taxpayer interests and government accountability, amici provide useful information and legal arguments in this brief about the conflicts of interest among the named parties—conflicts that may prevent an adversarial presentation of the complaint's significant legal flaws. These arguments are of significant interest to taxpayers given the implications of this case for the rule of law and the public fisc.

The brief by amici is timely, as this suit was filed only a week ago.

## CONCLUSION

For the foregoing reasons, amici respectfully request that the Court grant their motion for leave to file their proposed amicus brief.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Amici Curiae Former Government Officials, Common Cause, and Project On Government Oversight have made reasonable efforts to confer with all parties for their position on this motion but have been unable to do so. Specifically, counsel for Amici Curiae emailed and left a phone message with counsel for Plaintiffs on Wednesday, February 4, 2026, around 3:45 p.m. ET. Plaintiffs' counsel has not yet responded to the request for Plaintiffs' position on this motion.

Although the government has not yet entered an appearance in this matter, counsel for Amici Curiae emailed Matthew Feeley, Chief of the Civil Division for the U.S. Attorney's Office for the Southern District of Florida on Wednesday, February 4, 2026, around 3:45 p.m. ET. Counsel for Amici Curiae also spoke by phone with Angelo Frattarelli, a Department of Justice attorney who oversees civil matters relating to tax in the southern United States. Mr. Frattarelli stated that the government was not in a position to confer because no attorney had yet been assigned to this matter.

Dated: February 5, 2026

Respectfully submitted,

/s/ *Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
DANIEL R. WALSH
Florida Bar No. 0124282
dwalsh@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

TSUKI HOSHIJIMA* ^
thoshijima@democracyforward.org
Massachusetts Bar No. 693765
JYOTI JASRASARIA*
D.C. Bar No. 1671527
jjasrasaria@democracyforward.org
POOJA A. BOISTURE* ^
New York Bar No. 5104559
pboisture@democracyforward.org
AYESHA KHAN*
D.C. Bar No. 426836
akhan@democracyforward.org
ROBIN F. THURSTON*
D.C. Bar No. 1531399
rthurston@democracyforward.org
SKYE L. PERRYMAN*
D.C. Bar No. 984573
sperryman@democracyforward.org
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090

\**Pro hac vice* forthcoming

^ Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the District of Columbia Bar.

*Counsel for Amici Curiae Former Government Officials, Common Cause, and Project on Government Oversight*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared. Pursuant to Southern District of Florida Local Rule 5.2(a), I further certify that I served the foregoing on the following governmental entities who are defendants in this action or act as an entity which accepts service on behalf of the defendants in this action: (1) Internal Revenue Service, 1111 Constitution Ave, NW, Washington, DC 20224; (2) United States Office of the Attorney General, 950 Pennsylvania Avenue, NW, Washington, DC 20530; and (3) Southern District of Florida United States Attorney's Office, 99 N.E. 4th St., Maimi, FL 33131. Service to these entities was made via mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C).

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com