**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-20609-CV-WILLIAMS**

PRESIDENT DONALD J. TRUMP, *et al.*,

      Plaintiffs,

v.

INTERNAL REVENUE SERVICE, *et al.*,

      Defendants.

_____/

**ORDER**

**THIS MATTER** is before the Court on Plaintiffs' Consent Motion for a 90 Day Extension ("***Motion***") (DE 40). In the Motion, Plaintiffs ask the Court "to grant an extension for a period of ninety (90) days in all proceedings in this matter." (DE 40 at 1). The only scheduled event at issue is Defendants' response to the Complaint. For the reasons stated below, the Court will, *sua sponte*, stay Defendants' obligation to respond and set a briefing schedule to address the question of the Court's subject matter jurisdiction.

**I.   BACKGROUND**

On January 29, 2026, Plaintiffs President[1] Donald J. Trump ("***President Trump***"), Donald J. Trump Jr., Eric Trump, and The Trump Organization LLC (collectively, "***Plaintiffs***") filed a complaint against Defendants the Internal Revenue Service ("***IRS***") and the United States Department of the Treasury ("***Treasury,***" and, together with the IRS, "***Defendants***") (DE 1; "***Complaint***"). In the Complaint, Plaintiffs assert two counts:

---

[1] In their Complaint, Plaintiffs state that "President Trump is bring[ing] this suit in his personal capacity." (DE 1 at 1). The Court notes, however, that President Trump's political title is used in the caption and throughout the Complaint.

violations of 26 U.S.C. § 6103 and 26 U.S.C. § 7431(a)(1) ("**Count I**") and violation of 5 U.S.C. § 552a(e)(10) ("**Count II**"). Before Defendants could respond to the Complaint, Plaintiffs filed the instant Motion, requesting a global extension of time so the Parties can "engage in discussions designed to resolve the matter[.]" (DE 40 at 2).

## II.    DISCUSSION

"Federal courts are courts of limited jurisdiction." *Isom v. Bulso*, No. 20-14074, 2022 WL 682215, at *4 (11th Cir. 2022) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "We possess only that power authorized by Constitution and statute." *Id.* (internal quotations omitted). Thus, this Court has "an independent obligation to police the constitutional and statutory limits on [its] jurisdiction." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). One such constitutional mandate is set forth in Article III, which limits federal courts to adjudicating "Cases" or "Controversies." U.S. CONST. art. III, § 2; *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021). "The existence of a case or controversy is a "bedrock requirement" of our jurisdiction; we cannot exercise judicial power without it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020). Accordingly, before the Court can rule on Plaintiffs' Motion, it must first confirm its jurisdiction.

A key characteristic of the case or controversy requirement is the existence of adverseness, or "a dispute between parties who face each other in an adversary proceeding." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937). "There must be an honest and actual antagonistic assertion of rights by one individual against another, which is neither feigned nor collusive." *Muransky*, 979 F.3d at 981 (internal quotation marks and citations omitted). Typically, adverseness is found in a

situation where one party is asserting its right and the other party is resisting. *Nat'l Lab. Rels. Bd. v. Constellium Rolled Prods. Ravenswood, LLC*, 43 F.4th 395, 400 (4th Cir. 2022) (internal quotations and citations omitted). Consequently, if there is no adverseness, there is no case or controversy. *See Druhan v. Am. Mut. Life,* 166 F.3d 1324, 1326 (11th Cir. 1999).

In the instant case, Defendants have not yet filed any notices of appearance. Nonetheless, the Parties have advised the Court that they are engaging in discussions to resolve this matter. Moreover, although President Trump avers that he is bringing this lawsuit in his personal capacity, he is the sitting president and his named adversaries are entities whose decisions are subject to his direction.[2] Indeed, President Trump's own remarks about this matter acknowledge the unique dynamic of this litigation.[3] Accordingly, it is unclear to this Court whether the Parties are sufficiently adverse to each other so as to satisfy Article III's case or controversy requirement.

---

[2] President Trump has issued multiple executive orders which shape the relationship of the agencies of the executive branch to his presidency. For example, "[n]o employee of the executive branch acting in their official capacity may advance an interpretation of the law . . . that contravenes the President['s] . . . opinion on a matter of law, including but not limited to . . . positions advanced in litigation[.]" Exec. Order No. 14215, § 7. One such employee of the executive branch, the Attorney General, has a statutory obligation to defend the IRS when it is hailed into court, but then is ostensibly required by executive mandate to adhere to the President's opinion on a matter of law in such a case. This raises questions over whether the Parties here are truly antagonistic to each other.

[3] *See, e.g,* White House, *President Trump Gaggles with Press on Air Force One En Route Palm Beach, FL*, at 02:40 (Jan. 31, 2026), https://www.youtube.com/live/IvgGnWcxRhE; NBC News, *Full Interview: Tom Llamas exclusive with President Trump* (Feb. 8, 2026), at 40:10, https://www.youtube.com/watch?v=EJfyAcfE5HM.

III.   **CONCLUSION**

The Court hoped to evaluate this issue after Defendants responded to the Complaint. However, in light of Plaintiffs' Motion, the Court will ask the Parties to address the question of subject matter jurisdiction before addressing the relief requested in the Motion.

Accordingly, it is **ORDERED AND ADJUDGED** that, by May 20, 2026, the Parties shall each file a memorandum of law that addresses the issue of whether a case and controversy exists in this matter so as to establish the Court's jurisdiction. The Court **SETS** a hearing for 10:00 A.M. on May 27, 2026. The Parties should come prepared to discuss the issues identified above.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 24th day of April, 2026.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE