**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, DONALD J. TRUMP JR., ERIC TRUMP, AND THE TRUMP ORGANIZATION, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> INTERNAL REVENUE SERVICE AND U.S. DEPARTMENT OF THE TREASURY <br><br> *Defendants.* | No. 1:26-cv-20609-KMW |

**PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)**

Plaintiffs President Donald J. Trump, Donald J. Trump Jr., Eric Trump, and The Trump Organization, LLC (collectively, "Plaintiffs"), by and through undersigned counsel, hereby give notice of the voluntary dismissal of this action **with prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1]

Defendants Internal Revenue Service and the United States Department of the Treasury have neither served an answer nor a motion for summary judgment in this action. Accordingly, voluntary dismissal under Rule 41(a)(1)(A)(i) is available as of right, and requires neither leave of Court nor the consent of any party. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Matthews v. Gaither*, 902

---

[1] Although Rule 41(a)(1)(A)(i) filings are sometimes colloquially styled as "motions," the Eleventh Circuit has made clear that a Rule 41(a)(1)(A) dismissal is self-executing, terminates the action upon filing, and divests the district court of jurisdiction. See *Est. of W. v. Smith*, 9 F.4th 1361, 1367–68 (11th Cir. 2021); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277–78 (11th Cir. 2012). Plaintiffs accordingly file this document as a Notice rather than a motion, as the notice does not require judicial action. *Est. of W.*, 9 F.4th at 1368.

F.2d 877, 880 (11th Cir. 1990) (a notice of voluntary dismissal under Rule 41(a)(1) is effective immediately upon filing); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277–78 (11th Cir. 2012) (Rule 41(a)(1) dismissals are "self-executing," and divest the district court of jurisdiction upon filing); *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1358 (11th Cir. 1999) ("When a plaintiff takes a voluntary dismissal, the effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction.'") (cleaned up). The same principle applies to all dismissals under Rule 41(a)(1)(A), including those under Rule 41(a)(1)(A)(i). *See Matthews*, 902 F.2d at 880; *Anago Franchising*, 677 F.3d at 1278; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (Rule 41(a)(1) terminates the action upon filing, and "[n]o order of the district court is required to put the dismissal into effect" (cleaned up)). Upon the filing of this Notice, no judicial analysis is appropriate, and any "subsequent order purporting to dismiss 'all claims' . . . [would be] a nullity." *Est. of W.*, 9 F.4th at 1368.

Each party shall bear its own attorneys' fees and costs.

Dated: May 18, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ Alejandro Brito
ALEJANDRO BRITO
Florida Bar No. 098442
Primary: abrito@britopllc.com

/s/ Daniel Z. Epstein
DANIEL Z. EPSTEIN
D.C. Bar No. 1009132
EPSTEIN & CO. LLC
E-mail: dan@epsteinco.co

*Counsel to Plaintiffs President*
*Donald J. Trump et al.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Alejandro Brito