**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, *et al.*,<br><br>*Defendants*. | No. 26-cv-20609-WILLIAMS/LETT |

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*
BY 93 MEMBERS OF THE UNITED STATES HOUSE OF REPRESENTATIVES**

**INTRODUCTION**

Ninety-three Members of the United States House of Representatives respectfully submit this motion for leave to file a brief as *amici curiae* in support of neither party to assist this Court in scrutinizing the unprecedented circumstances that have given rise to the Court's "concerns about whether it has subject matter jurisdiction in this case." ECF No. 43. President Trump's action against the federal government he currently leads is a collusive lawsuit that undermines the separation of powers, frustrates Congress' lawmaking prerogative, and—unless rightfully dismissed for lack of subject matter jurisdiction—could siphon billions of taxpayer dollars into the pockets of the President, his family, and his allies. As Members of Congress, the proposed *amici* have a direct and substantial interest in ensuring that Article III's case or controversy requirement is enforced and that acts of Congress are faithfully executed by the Executive Branch. The proposed *amici* respectfully submit this brief, attached as Exhibit A, to present critical arguments regarding this Court's jurisdiction and, among other things, the constitutional and statutory limits on the Department of Justice's ("DOJ's") settlement authority that have not been—and will not be—advanced by any party in the litigation.

**INTEREST OF MOVANTS**

Movants are 93 Members of the United States House of Representatives. Movants are interested in this case because they took an oath to uphold and defend the Constitution. They also have a strong interest in ensuring that acts of Congress are faithfully executed by the Executive Branch.

The President is attempting to undermine the Constitution by bringing this collusive suit against the federal government contrary to the requirement that federal courts may only hear "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Congress has enacted laws governing the specific circumstances under which individuals and entities may sue the United States for unauthorized disclosure of their tax return information. The DOJ is entrusted with defending the United States against claims under these laws and ensuring that the statutory requirements are met before money is paid pursuant to the statutes. Here, however, the DOJ has colluded with President Trump and his allies and, in so doing, abdicated these responsibilities. The parties' actions, therefore, have frustrated Congress' purpose in enacting these laws.

Moreover, Congress has a strong interest in ensuring that the Executive Branch properly guards the public fisc. That includes complying with the Constitution's commands that "All Bills

1

for raising Revenue shall originate in the House of Representatives," U.S. Const. art. I, § 7, cl. 1, "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law," *id.* art. I, § 9, cl. 7, and forbidding the President from "receiv[ing] within [his term] any other Emolument from the United States" than compensation approved by Congress, *id.* art. II, § 1, cl 7. Should this lawsuit achieve Plaintiffs' desired ends, it would result in the improper and unconstitutional transfer of taxpayer dollars into the pockets of the President, his family, and his allies. Having taken oaths to uphold and defend the Constitution, the movants cannot stand by and let the Constitution's provisions and prohibitions, including the express bar on Presidential profiteering, go ignored.

## DISCUSSION

District courts possess the inherent authority to allow *amici* to assist in their proceedings. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991). Because an *amicus* "participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus.*" *Id.* at 1501 (quotation omitted).

This Court should grant this motion for leave to file an *amicus* brief by 93 Members of the House of Representatives because President Trump's presence on both sides of the litigation, and his own blunt statements about his ability to control the case,[1] show that Plaintiffs and Defendants are not adversaries. As such, the DOJ has failed to raise numerous, clearly meritorious arguments for dismissal that it has raised in other cases involving essentially identical facts. The Court should allow the proposed *amici* to participate in the litigation in order to equip the Court with these and other critical considerations that will assist it in conducting its analysis, including arguments

---

[1] Days after the suit was filed, President Trump told the press "I'm supposed to work out a settlement with myself." White House, *President Trump Gaggles with Press on Air Force One En Route Palm Beach, FL*, at 02:40 (Jan. 31, 2026), https://www.youtube.com/live/IvgGnWcxRhE. When asked in a different interview what he would tell Treasury Secretary Scott Bessent and then-Attorney General Pam Bondi about the suit, President Trump stated that he would "tell 'em to pay me." *Read the full transcript: President Trump interviewed by 'NBC Nightly News' anchor Tom Llamas*, NBC News (Feb. 4, 2026), https://www.nbcnews.com/politics/trump-administration/trump-interview-nbc-news-extend-transcript-tom-llamas-super-bowl-2026-rcna257410.

regarding this Court's Article III jurisdiction and the constitutional and statutory limits on the DOJ's settlement authority.

Courts routinely grant leave to file an *amicus* brief where the *amicus* "'contributes to the court's understanding of the matter in question' by proffering timely and useful information." *United States v. Santiago-Ruiz*, No. 17-60022-Crim-BLOOM, 2017 WL 11454398, at *2 (S.D. Fla. Dec. 4, 2017) (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-FtM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010)). Courts also grant *amicus* status where "[p]articipation as *amicus curiae* will alert the court to the legal contentions of concerned bystanders . . . ." *Resort Timeshare*, 764 F. Supp. at 1500–01 (citation omitted). Here, the proposed *amici* bring the unique perspective of current Members of Congress in a lawsuit that raises serious questions about the separation of powers, the Origination Clause, the Appropriations Clause, and the Emoluments Clause. These issues are of critical importance to the proposed *amici*, given their legislative and oversight roles, their oaths, and their duties as constitutional stewards of the federal treasury.

The brief by the proposed *amici* is timely, as the Court has indicated that it is currently analyzing whether it has subject matter jurisdiction over the case. ECF No. 43.

## CONCLUSION

For the foregoing reasons, movants respectfully request that the Court grant their motion for leave to file their proposed *amicus* brief.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for movants have made reasonable efforts to confer with all parties regarding their positions with respect to this motion but have been unable to do so. There have been public reports that the parties are preparing to announce a collusive settlement as early as today, May 18, 2026. Thus, to ensure the Court has the benefit of *amici*'s briefing before such a settlement is announced, *amici* is filing this motion and accompanying brief now.

Nevertheless, counsel for movants still sought the consent of the parties. Movants' counsel emailed counsel for Plaintiffs on Sunday, May 17, 2026, around 9:45 p.m. ET. Plaintiffs' counsel has not yet responded to the request for Plaintiffs' position on this motion. And although the government has not yet entered an appearance in this matter, counsel for movants emailed Matthew Feeley, Chief of the Civil Division for the United States Attorney's Office for the Southern District of Florida on Sunday, May 17, 2026, around 9:45 p.m. ET. Mr. Feeley has not yet responded to the

request for the government's position on this motion.

Dated: May 18, 2026                           Respectfully submitted,

                                              /s/ Matthew J. Platkin

                                              Matthew J. Platkin*
                                              Angela Cai*
                                              Ravi Ramanathan*
                                              Aaron E. Haier*
                                              Conor Bradley*
                                              **PLATKIN LLP**
                                              413 Washington Ave.
                                              Unit 174
                                              Belleville, NJ 07109
                                              Phone: (973) 561-1951
                                              Email: mplatkin@platkinllp.com

                                              Norman L. Eisen*
                                              David W. Ogden*
                                              Stephen A. Jonas*
                                              **DEMOCRACY DEFENDERS ACTION**
                                              600 Pennsylvania Ave. SE #15180
                                              Washington, D.C. 20003
                                              (202) 594-9958
                                              Email: norman@democracydefenders.org

                                              **RIVERO MESTRE LLP**
                                              2525 Ponce de Leon Boulevard, Suite 1000
                                              Miami, Florida 33134
                                              Telephone: (305) 445-2500
                                              Fax: (305) 445-2505
                                              Email: arivero@riveromestre.com
                                              Email: dtenjido@riveromestre.com

                                              By: */s/* Andrés Rivero

                                              Andrés Rivero
                                              Florida Bar No. 613819
                                              Daniela Tenjido-Eljaiek
                                              Florida Bar No. 1031531

                                              *Counsel for Amicus Curiae 93 Members of
                                              the U.S. House of Representatives*

                                              **Pro hac vice* admission pending

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of May 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which automatically serves all counsel of record for the parties who have appeared.

Pursuant to Southern District of Florida Local Rule 5.2(a), I further certify that I caused the foregoing to be served by certified mail, return receipt requested, on the following governmental entities who are defendants in this action or act as an entity which accepts service on behalf of the defendants in this action: (1) Internal Revenue Service, 1111 Constitution Avenue, NW, Washington, D.C. 20224; (2) United States Office of the Attorney General, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530; and (3) Southern District of Florida United States Attorney's Office, 99 N.E. 4th Street, Miami, FL 33131. Service to these entities was made via mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C).

By: */s/ Andrés Rivero*
ANDRÉS RIVERO

5