**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-20609-CV-WILLIAMS**

PRESIDENT DONALD J. TRUMP, *et al.*,

      Plaintiffs,

v.

INTERNAL REVENUE SERVICE, *et al.*,

      Defendants.

_____/

## ORDER CLOSING CASE

**THIS MATTER** is before the Court on Plaintiffs' Notice of Voluntary Dismissal with Prejudice ("**Notice**") (DE 52). In the Notice, Plaintiffs state that they are voluntarily dismissing the instant litigation with prejudice pursuant to Rule 41(a)(1)(A)(i).[1] Because the dismissal with prejudice extinguishes the claims regarding the unlawful disclosure of Plaintiffs' tax returns, the Court cancels all deadlines, including the date that the Parties were required to submit briefing as to whether an actual case or controversy existed in this matter.[2] *See, e.g.*, *Scott v. Roberts*, No. 4:10-CV-283-RH/WCS, 2010 WL 11598131, at *2 (N.D. Fla. 2010) ("[A] case or controversy . . . requires *actual adversaries*.")

---

[1] Under the Rule, a plaintiff may dismiss an action—without court approval—before a defendant files "either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Once a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A) is filed, the Court "is stripped of jurisdiction." *City of Jacksonville, Neighborhood Code Enf't Div. v. Jacksonville Hosp. Holdings L.P.*, No. 24-10145, 2024 WL 2186089, at *4 (11th Cir. 2024). The dismissal is self-executing and effective immediately upon the filing of the notice of dismissal. *See Absolute Activist*, 998 F.3d at 1265.

[2] The Court ordered the Parties to brief this issue because it needed to determine whether it had subject matter jurisdiction. If a court does not have subject matter jurisdiction, it cannot exercise any judicial power in the matter at hand. *See, e.g.*, *Evans v. United States*, No. 24-40300, 2025 WL 655799, at *2 (5th Cir. 2025) ("A court cannot stay a matter if it lacks subject-matter jurisdiction. If no jurisdiction exists, a district court is required to dismiss the claims."); *Kostin-Rosenberg v. Liberty Mut. Fire Ins. Co.*, No. 20-81603, 2020 WL 8413431, at *1 (S.D. Fla. 2020) ("If a court lacks subject matter jurisdiction over a matter, that court lacks authority to stay, or abate, the matter.").

(emphasis added); *United States v. Johnson*, 319 U.S. 302, 305 (1943) (finding no adverseness where appellee controlled plaintiff's litigation strategy); *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) ("When both litigants desire precisely the same result, there is no case or controversy within the meaning of Art. III of the Constitution.") (internal quotation marks and citation omitted); *Lord v. Veazie*, 49 U.S. 251, 255 (1850) ("[A]ny attempt, by a mere colorable dispute, to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehened[.]"); *Fin. Guar. Ins. Co. v. City of Fayetteville, Ark.*, 943 F.2d 925, 929 (8th Cir. 1991) (explaining that actual adverseness exists when "a federal court . . . [is] presented with opposing parties representing adverse interests"); *Veritas Vincit, LLC v. Brown*, No. 4:24-CV-00079-JRG, 2024 WL 3543414, at *6 (E.D. Tex. 2024) ("The Court finds that Plaintiffs do in fact control Defendant . . . and that no case or controversy exists between Plaintiffs and [Defendant], necessitating Defendant's dismissal from the present case."); *Allen v. Gray*, 17 Ky. 98, 98 (1824) (holding that "[t]he same person can not be plaintiff and defendant in a common law action").

Because the Notice does not reference any settlement or include a stipulation of settlement, there is no settlement of record. Additionally, Defendants—federal agencies represented by the Department of Justice, which has an independent obligation to uphold the "public's strong interest in knowing about the conduct of its Government and expenditure of its resources" and the "fair administration of justice," 28 C.F.R. §§ 50.9, 50.23—neither submitted any settlement documents nor filed any documents ensuring

that settlement was appropriate where there was an outstanding question as to whether an actual case or controversy existed.

Accordingly, upon review of the Notice and the record, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED WITH PREJUDICE**. Each Party is to bear its own attorneys' fees and costs. All deadlines and hearings are **CANCELLED**. All pending motions are **DENIED AS MOOT**. This case is **CLOSED**.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE