# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:26-cv-20609-KMW**

PRESIDENT DONALD J. TRUMP, et al.,

     Plaintiffs,

v.

INTERNAL REVENUE SERVICE, et al.,

     Defendants.

_____/

**<u>SETTLEMENT AGREEMENT</u>**

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

## I.    INTRODUCTION

This is a civil lawsuit ("the Case") brought by President Donald J. Trump, Donald J. Trump, Jr., Eric Trump, and The Trump Organization, LLC ("Plaintiffs") against the Internal Revenue Service ("IRS") and the U.S. Department of the Treasury ("Defendants") under 26 U.S.C. § 6103, 26 U.S.C. § 7431, and 5 U.S.C. § 552(a)(e)(10). In the interest of resolving the dispute between the parties, they hereby stipulate and agree as follows:

## II.    RECITALS

A.  On January 29, 2026, Plaintiffs filed a complaint in the U.S. District Court for the Southern District of Florida, stating that a former IRS employee/contractor, Charles Littlejohn had illegally obtained access to, and illegally disclosed, Plaintiffs' tax returns and/or tax return information to media outlets in violation of the Internal Revenue Code and the Privacy Act. Counsel for Plaintiffs have indicated that, but for this settlement, they would intend to amend their complaint, including in order to likely add a putative class claim.

B.  President Trump has also submitted two claims for relief pursuant to the Federal Tort Claims Act, based on the unlawful raid on Mar-a-Lago, in Palm Beach, Florida, in August of 2022, and the Russia-collusion hoax throughout his first term as President, and beyond (together, "the Pending Agency Claims"). Those claims are currently pending at the administrative level.

C.  The conduct alleged in the Case and in the Pending Agency Claims is representative of the sustained use of the levers of government power by Democrat elected officials, political and career federal employees, contractors, and agents in order to target individuals, groups, and entities for improper and unlawful political, personal, and/or ideological reasons ("Lawfare" and "Weaponization"). Other well-known examples of Lawfare and Weaponization include the Biden Administration's abuse of the FACE Act, the Biden Administration's wrongful labeling of certain parents as domestic terrorists, and the IRS's targeting of groups based on improper ideological criteria.

D.  To bring the Case and the Pending Agency Claims to a close FOREVER and FINALLY, the parties have determined to settle the Case and Pending Agency Claims, effective May 18, 2026 ("Effective Date").

## III.    RELIEF AND LEGAL AUTHORITY

A.  As sole and complete relief for allegations in the Case and the Pending Agency Claims, Plaintiff President Donald J. Trump, and the other named Plaintiffs in the Case and in the Pending Agency Claims, will receive a formal apology from the United States, but will not receive any monetary payment or damages of any kind. *See Griffin v. IRS*, 1:22-cv-24023, S.D. Fla; WALL STREET JOURNAL, *The IRS Apologizes to Ken Griffin* (June 26, 2024), *available at* https://www.wsj.com/opinion/the-irs-apologizes-to-ken-griffin-citadel-tax-data-charles-littlejohn-propublica-d18b1917.

1

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

B. In exchange for the relief provided in this Settlement Agreement, and except as provided herein (e.g., the claims process described below), Plaintiffs hereby RELEASE, WAIVE, ACQUIT, and FOREVER DISCHARGE Defendants and the United States from, and are hereby FOREVER BARRED and PRECLUDED from prosecuting or pursuing, any and all claims, charges, counterclaims, causes of action, appeals, or requests for any relief, including injunctive, monetary, damages, tax payments, debt relief, costs, attorney's fees, expenses, and/or interest, that—as of the Effective Date—have been or could have been asserted by Plaintiffs in the Case or the Pending Agency Claims, by reason of, with respect to, in connection with, or which arise out of, matters in the Case or the Pending Agency Claims.

C. To provide a systematic process to hear and redress claims of others who, like Plaintiffs, state that they incurred harm from similar Lawfare and Weaponization, the Attorney General of the United States agrees to create "The Anti-Weaponization Fund," subject to the terms and limitations described herein.

## IV.   COMPOSITION AND OPERATION OF THE ANTI-WEAPONIZATION FUND

A. An accompanying order of the Attorney General, issued within 30 days of the Effective Date, shall establish funding and any other relevant requirements, rules, conditions, terms, and waivers, which shall be treated as incorporated herein. The Attorney General may also change the formal name of The Anti-Weaponization Fund by order. The corpus of The Anti-Weaponization Fund's funding does not represent the value of any current claim by Plaintiffs, but rather is based on the projected valuation of future claimants' claims, and accordingly the corpus of The Anti-Weaponization Fund's funding is not taxable income as to Plaintiffs, who receive no economic benefit from this Settlement Agreement.

B. The Anti-Weaponization Fund shall consist of five Members. Within 30 days of the Effective Date, the Attorney General shall issue an order appointing the Members, including the Chair of The Anti-Weaponization Fund, with such order being treated as incorporated herein. One of the Members shall be chosen in consultation with congressional leadership. The Members shall serve until The Anti-Weaponization Fund is concluded as described below, unless they resign or are removed by the President, who can remove any Member without cause. Any replacement shall be made by the same method as the initial appointment. A quorum is three Members. A majority of a quorum is authorized to take action.

C. Consistent with this Settlement Agreement, The Anti-Weaponization Fund shall have the power to determine its own procedures for submitting, receiving, processing, and granting or denying claims. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* No. 2:10-md-02179, ECF No. 1098 (E.D. La. Feb. 2, 2011). The Anti-Weaponization Fund may make those procedures public in whole or in part, in its discretion.

D. The Anti-Weaponization Fund shall have the power to issue formal apologies, issue monetary relief owed to claimants as a result of their legal rights, grant claims in whole or

2

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

in part, deny claims in whole or in part, defer review of claims, and receive and request evidence or other support for claims, including requesting information from, or consulting with, federal agencies.

E. On a quarterly basis, or otherwise as directed by the Attorney General, The Anti-Weaponization Fund shall provide to the Attorney General a confidential written report that includes the name and address of each claimant who has received any relief and if so, nature of such relief.

F. The Department of Justice, or a third-party contractor of the agency as designated by the Attorney General, may audit the claims submitted pursuant to this Agreement. The Department of Justice and/or any other government agency may, to the full extent permitted by law, make referrals for investigation or prosecution or prosecute or take other enforcement action to address any evidence of fraud.

G. The Anti-Weaponization Fund shall cease processing claims no later than December 1, 2028.

H. In the event that there is a balance remaining in The Anti-Weaponization Fund's account(s) after December 15, 2028, The Anti-Weaponization Fund shall transfer such balance before January 1, 2029, to the Department of Commerce, Interior, or another appropriate federal government account as designated by the President. *See, e.g.,* 43 U.S.C. §§ 1473, 1737(c); 15 U.S.C. § 1522.

I. The recipient of any relief from The Anti-Weaponization Fund will have sole responsibility to comply with their own applicable federal, state, and local tax requirements that arise as a result of this Settlement Agreement and any relief from The Anti-Weaponization Fund.

## V. LIMITATIONS ON CLAIMS

A. Submission of a claim to The Anti-Weaponization Fund is voluntary. Claimants can include entities.

B. A claimant can choose whether to accept relief from The Anti-Weaponization Fund. If a claimant does so, the claimant must forgo all other relief, including judicial relief, whether previously asserted or not.

C. To be eligible for relief, a claimant must assert at least one legal claim stating that the claimant was a victim of Lawfare and/or Weaponization.

D. In evaluating claims, The Anti-Weaponization Fund shall consider the totality of the circumstances, including:

    a. The strength of the claim and supporting evidence.
    b. The claimant's actions.

3

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

    c. The claimant's actual damages incurred as a result of the Lawfare and Weaponization.

    d. Reasonable attorneys' fees paid by the claimant as a result of the Lawfare and Weaponization.

    e. Any time the claimant spent in prison or otherwise in federal prison or custody as a result of the Lawfare and Weaponization.

    f. Whether and to what extent the claimant has already obtained any form of relief for the Lawfare and Weaponization from any source.

    g. Other factors The Anti-Weaponization Fund deems just and appropriate.

E. A claimant who already has a claim pending in court or administrative proceedings may be eligible for relief, subject to paragraph V.B.

F. The Anti-Weaponization Fund shall take reasonable steps to protect private personal and financial information submitted to them under this Settlement Agreement.

G. The Anti-Weaponization Fund shall impose controls and systems to avoid fraudulent claims.

## VI.   ENFORCEMENT

A. This Settlement Agreement is enforceable and challengeable solely by Plaintiffs, Defendants, and the United States.

B. Because the claims process is voluntary, there shall be no appeal, arbitration, or judicial review of claims, offers, or other determinations made by The Anti-Weaponization Fund. Denial by The Anti-Weaponization Fund, the pendency of a claim, or rejection of an offer by a claimant does not preclude a claimant from seeking judicial or other relief outside The Anti-Weaponization Fund process, if otherwise allowed by law.

## VII.   INTEGRATION AND COUNTERPARTS

This Settlement Agreement, including the accompanying orders by the Attorney General, constitutes the entire agreement of the Parties, and no prior statement, representation, agreement, or understanding, oral or written, that is not contained herein, will have any force or effect. This Settlement Agreement may be executed in counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

## VIII.   MODIFICATION

This Settlement Agreement may be modified only with the written agreement of the Parties.

## IX.   DUTIES CONSISTENT WITH LAW AND REGULATIONS

Nothing contained in this Settlement Agreement shall impose on Defendants or their agents, employees, or contractors any duty, obligation, or requirement, the performance of which would

4

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

be inconsistent with federal statutes. The Parties to this Settlement Agreement shall defend against any challenges to it in any forum.

## X.   SEVERABILITY

Should any provision of this Settlement Agreement be found by a court to be invalid or unenforceable, then the validity of other provisions of this Settlement Agreement shall not be affected or impaired, and such provisions shall be enforced to the maximum extent possible, including by modification by mutual agreement, if appropriate.

## XI.   DISMISSAL OF THE CASE AND WITHDRAWAL OF PENDING AGENCY CLAIMS

Plaintiffs agree to file a dismissal with prejudice of the Case under Rule 41(a)(1)(A)(i) on or before May 18, 2026. *See Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). The parties further agree that by June 15, 2026, they will withdraw, terminate, and no longer pursue in any setting or forum the Pending Agency Claims.

5

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

**AGREED:**

For Plaintiffs:

DATED: ___May 18, 2026___

Daniel Z. Epstein, D.C. Bar No. 1009132
Epstein & Co. LLC
8903 Glades Rd, Ste A8 #2090
Boca Raton, FL 33434
E-mail: dan@epsteinco.co

Alejandro Brito, Florida Bar No. 098442
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com

Counsel to Plaintiffs President Donald J. Trump et al.

6

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

**AGREED:**

For the United States:

_____   DATED: __**05.18.26**__

Stanley E. Woodward, Jr.
Associate Attorney General
U.S. Department of Justice

*SETTLEMENT AGREEMENT, TRUMP V. IRS (SDFL)*

**AGREED:**

For the Internal Revenue Service:

DATED: 5/18/26

Frank J. Bisignano
Chief Executive Officer
Internal Revenue Service