**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-20609-CV-WILLIAMS**

PRESIDENT DONALD J. TRUMP, *et al.*,

      Plaintiffs,

v.

INTERNAL REVENUE SERVICE, *et al.*,

      Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on the Motion to Reopen Case filed by thirty-five former federal judges ("***Motion***") (DE 63). In the Motion, the non-party movants ask this Court to reopen the instant case pursuant to Rule 60 of the Federal Rules of Civil Procedure, arguing that the Court should "exercise its authority under Rule 60 to set aside the judgment in this lawsuit . . . [and] resume its inquiry into whether there is an actual underlying case or controversy[.]" (DE 63 at 6). The non-party movants explain that although there is no settlement of record in this matter, public documents and announcements indicate that the dismissal of this case was premised on a purported settlement between the Parties.[1] In turn, movants submit that the settlement "is a product of collusion and is itself a fraud on the Court." (*Id.* at 9).

A court is empowered to investigate serious misconduct as a collateral issue within the purview of Rule 11 and determine "whether an attorney has abused the judicial process." *Didie v. Howes*, 988 F.2d 1097, 1103 (11th Cir. 1993); *see also Willy v. Coastal*

---

[1] As the Court noted in its April 29, 2026 Order (DE 43), Defendants did not file any notices of appearances and acted through Plaintiffs to ask the Court for relief from their imminent answer deadline.

*Corp.*, 503 U.S. 131 (1992) (holding that a district court could impose Rule 11 sanctions even where it was subsequently determined to lack subject matter jurisdiction); *Ormsby Motors, Inc. v. General Motors Corp.,* 32 F.3d 240, 241 (7th Cir. 1994) (finding that a litigant cannot avoid sanctions by voluntarily dismissing the case). Rule 11 issues can be "raised *sua sponte* by the [C]ourt." *Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 813 F. App'x 368, 375 (11th Cir. 2020); *see also Taylor v. Stanciel,* 202 F. App'x 662, 663–64 (5th Cir. 2006) (explaining that "a court may, on its own initiative, enter an order describing Rule 11 violations and ordering a party to show why it has not violated Rule 11").

"The purpose of Rule 11 is to deter baseless filings." *Powrzanas v. Jones Util. & Contracting Co.*, 834 F. App'x 500, 507 (11th Cir. 2020). Specifically, Rule 11 "requires that an attorney or unrepresented party filing a pleading certify that the filing is not presented for any improper purpose." *Id.* (internal quotation marks omitted); *see also In re Ames*, 993 F.3d 27, 34 (1st Cir. 2021) ("Under Rule 11, a court may impose sanctions on a lawyer 'for advocating a frivolous position, pursuing an unfounded claim, or *filing a lawsuit* for some improper purpose.'") (emphasis added). A party's decision to file a frivolous lawsuit for the sole purpose of forcing a settlement may qualify as such an improper purpose. *See Scott v. Vantage Corp.*, 64 F.4th 462, 472 (3d Cir. 2023) (affirming the district court's finding that plaintiffs filed their complaint for an improper purpose when two out of the three claims lacked factual support and plaintiffs expressed that they filed the lawsuit to force a settlement). If a party files a lawsuit for an improper purpose, "the court may impose an appropriate sanction on the responsible party." *Powrzanas*, 834 F. App'x at 507.

Here, the non-party movants advance grievous allegations that Plaintiffs voluntarily dismissed this litigation solely to avoid judicial scrutiny of a lawsuit that "was collusive from the start" and was only filed to provide the imprimatur of legality for an unlawful settlement. (DE 63 at 16). They point to the fact that the settlement in question includes a "three-paragraph addendum[2] . . . [that] purports to 'forever bar[] and preclude[]' the United States from pursuing claims that could have been [otherwise] asserted [against] Plaintiffs," (*Id.* at 8), and highlight the fact that Defendants did not "even try[] to defend against Plaintiffs' claims" despite their active opposition to nearly identical claims in other litigation.[3] (*Id.* at 16). Finally, the non-party movants assert that Plaintiffs' claims were "clearly untimely" and therefore untenable. (*Id.*).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs shall file a response to the Motion (DE 63) on or before June 12, 2026, detailing their position on the matters set forth in the Motion, including (1) the charges of collusion and whether the Parties are truly adverse; (2) the assertion that the dismissal in this case was premised on deception by the Parties; and (3) the question of whether the case should be reopened because the Court was the "victim of a fraud." (DE 63 at 13, citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2870 (3d ed.)). The non-party movants may, if they choose, file a reply on or before June 19, 2026.

---

[2] This addendum, as the non-party movants point out, may be in conflict with internal Department of Justice policies that require the Department to only enter into compromises that are "specifically limited to the immediate subject matter of the claim which was in fact compromised." (DE 63 at 8). The addendum was signed only by the Acting Attorney General.

[3] The Court is aware of reporting that the IRS prepared a memorandum outlining ways to challenge Plaintiffs' claims. Andrew Duehren, *The I.R.S. Thought It Could Fight Trump's Lawsuit, but It Struck a Deal Anyway*, N.Y. Times (May 19, 2026), https://www.nytimes.com/2026/05/19/admin/irs-trump-lawsuit-deal.html. These defenses are consistent with the positions taken by the IRS and the Department of Justice in other litigation.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>29th</u> day of May, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

4