**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:** 1:26-cv-20609-WILLIAMS/LETT

PRESIDENT DONALD J. TRUMP, et al.,

     Plaintiffs,

v.

INTERNAL REVENUE SERVICE, et al.,

     Defendants,

_____/

**RENEWED MOTION FOR LEAVE TO FILE SHORT SUPPLEMENTAL**
**AMICUS CURIAE BRIEF OF COREY J. BIAZZO, ESQ. ADDRESSING**
**PLAINTIFFS' JUNE 12, 2026 SETTLEMENT-AUTHORITY ARGUMENT**

Corey J. Biazzo, Esq. respectfully renews his request for leave to appear as amicus curiae for the limited purpose of filing the short supplemental brief attached as Exhibit A. The proposed brief addresses one discrete issue raised by Plaintiffs' June 12, 2026 response: whether the statutory settlement authorities cited by Plaintiffs answer the separate appropriations question presented by the Anti-Weaponization Fund.

### I.    INTRODUCTION

1. On June 2, 2026, this Court denied Amicus's prior motion for leave, explaining that "the Court is awaiting the briefing of the Plaintiffs" and that, "at this juncture," there was "no need for additional amicus participation." DE 66.

2. That juncture has changed. Plaintiffs have now filed the response the Court was awaiting. DE 89. In that response, Plaintiffs argue that the United States possessed independent authority to compromise and settle the relevant claims "with or without a pending lawsuit," citing 28 U.S.C. §§ 2414, 2672, 2677 and 31 U.S.C. § 1304. DE 89 at 7, 14-16.

3. Plaintiffs' argument makes the narrow statutory issue previously identified by Amicus directly responsive to the current briefing. The point is not that the Department of Justice can never settle claims outside litigation. It can. The point is narrower: settlement authority and payment authority are distinct, and the cited authorities do not appear to authorize using the Judgment Fund to capitalize a

1

discretionary future-claimant compensation program for nonparties whose claims have not been adjudicated, compromised, or settled.

4. Amicus does not seek intervention, discovery, oral argument, reconsideration of the Court's June 2 order, or leave to file duplicative briefing on Rule 60 standing, Rule 41, fraud on the court, Rule 11, Article III adversity, separation of powers, or the merits of Plaintiffs' tax claims. Existing amici and movants have addressed those issues.

5. Amicus seeks only leave to submit a short supplemental brief addressing the limited statutory and appropriations-law distinction Plaintiffs' June 12 response places at issue.

## II.    AMICUS'S INTEREST

6. Amicus is a member of the Bar of this Court and has a professional interest in ensuring that federal courts are not asked to rely on settlement documents or statutory authorities for propositions those authorities do not support.

7. Amicus does not represent any party, claimant, potential claimant, or public-interest organization. Amicus seeks no relief for himself. His proposed filing is offered only to assist the Court in evaluating a narrow legal issue that may bear on the pending motion and Plaintiffs' response to it.

## III.    LEAVE IS WARRANTED

8. District courts possess inherent authority to allow amicus participation where doing so may assist the Court. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991).

9. The proposed supplemental brief is timely. Plaintiffs filed their response on June 12, 2026. The Court has authorized the nonparty movants to file a reply by June 19, 2026. Amicus files now so that the Court and the movants may consider the limited statutory issue before reply briefing closes.

10. The proposed brief is nonduplicative. Plaintiffs now contend that the government's independent settlement authorities and the Judgment Fund statutes answer the concerns raised by the pending motion. The proposed brief responds to that contention only by explaining that a statutory authority to compromise existing claims does not itself authorize the Treasury to capitalize an open-ended, future-claimant administrative fund for persons who are not parties to the settlement and whose claims have not yet been resolved.

11. The proposed brief is also modest in requested relief. It does not ask the Court to decide the ultimate legality of the settlement or to enjoin the Executive Branch. It asks only that, if the Court considers Plaintiffs' settlement-authority argument relevant to the pending motion, the Court should distinguish between settlement authority and payment authority and, at most, require targeted clarification of the specific statutory basis for any Judgment Fund payment connected to the Anti-Weaponization Fund.

## IV.    LOCAL RULE 7.1(a)(3) CERTIFICATION

12. Pursuant to Southern District of Florida Local Rule 7.1(a)(3), Amicus certifies that, before filing this Motion, he made reasonable, good-faith efforts to confer in writing with all parties and non-parties who may be affected by the relief sought.

Specifically, on Saturday, June 13, 2026, at 10:01 p.m. Eastern, Amicus emailed counsel for Plaintiffs, Defendants, the non-party movants, and existing amici/court-appointed amici regarding this renewed request for leave to file a short supplemental amicus curiae brief. In that email, Amicus identified the proposed renewed motion, described the narrow issue to be addressed by the proposed supplemental amicus brief, and explained that the proposed brief would not seek intervention, party status, discovery, oral argument, expansion of the record, alteration of any existing schedule, or reargument of broader issues already addressed by the parties, non-party movants, or existing amici.

Amicus attached for counsel's review the Renewed Motion for Leave to File Short Supplemental Amicus Curiae Brief and the Proposed Order. The proposed short supplemental amicus curiae brief was included as Exhibit A to the renewed motion. Amicus asked counsel to advise whether their respective clients consented to, opposed, or took no position on the requested leave to file. Amicus requested responses by Monday, June 15, 2026, at 9:00 a.m. Eastern, and also offered to confer by telephone or videoconference over the weekend or Monday morning.

The following responses were received before filing:

1. On Sunday, June 14, 2026, at 9:15 A.m. Eastern, counsel for amici Public Citizen and Citizens for Responsibility and Ethics in Washington advised that those amici take no position on the Motion.

2. On Monday, June 15, 2026, at 9:34 a.m. Eastern, counsel for amici Faith E. Gay, Philippe Z. Selendy, Corey Stoughton, John Gleeson, David A. O'Neil, and Donald B. Verrilli, Jr. advised that those amici take no position on the renewed request for leave to file.

3. On Monday, June 15, 2026, at 9:40 a.m. Eastern, counsel for amici former government officials and public interest organizations advised that those amici take no position on the Motion.

4. On Monday June 15, 2026, at 10:57 a.m. Eastern, counsel for the non-party movants advised that the non-party movants take no position on the Motion.

As of the time of filing, no counsel who responded indicated opposition to the Motion. As of the time of filing, Amicus had not received a response from counsel for Plaintiffs or Defendants stating whether Plaintiffs or Defendants consent to, oppose, or take no position on the Motion.

Accordingly, Amicus certifies that he has made reasonable, good-faith efforts to confer with all parties and non-parties who may be affected by the relief sought; that the responding non-parties and amici identified above take no position; that no responding counsel indicated opposition; and that Amicus was unable to obtain the positions of Plaintiffs or Defendants before filing.

## V. CONCLUSION

For the foregoing reasons, Amicus respectfully requests that the Court grant this renewed motion and accept the short supplemental amicus curiae brief attached as Exhibit A.

June 15, 2026                    Respectfully Submitted,

/s/ Corey J. Biazzo
Corey J. Biazzo, Esq.
Amicus Curiae
Attorney Bar Number 1016148
corey@biazzolaw.com
9801 Lakeview Lane
Parkland, Florida 33076
(703) 297-5777

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will serve all counsel of record by electronic notice.

/s/ Corey J. Biazzo
Corey J. Biazzo, Esq.

# EXHIBIT A

**Proposed Short Supplemental Brief Amicus Curiae of Corey J. Biazzo, Esq. Addressing Plaintiffs' June 12, 2026 Settlement-Authority Argument**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.:** 1:26-cv-20609-WILLIAMS/LETT

PRESIDENT DONALD J. TRUMP, et al.,

      Plaintiffs,

v.

INTERNAL REVENUE SERVICE, et al.,

      Defendants,

_____/

**SHORT SUPPLEMENTAL BRIEF AMICUS CURIAE OF COREY J. BIAZZO, ESQ. ADDRESSING PLAINTIFFS' JUNE 12, 2026 SETTLEMENT-AUTHORITY**

Corey J. Biazzo, Esq.
Amicus Curiae
Attorney Bar Number 1016148
corey@biazzolaw.com
9801 Lakeview Lane
Parkland, Florida 33076
(703) 297-5777

June 15, 2026

1

Table of Contents

TABLE OF AUTHORITIES...................................................................................2

INTEREST OF AMICUS..................................................................................3

SUMMARY OF ARGUMENT.............................................................................3

ARGUMENT.................................................................................................4

I. SETTLEMENT AUTHORITY AND PAYMENT AUTHORITY ARE DISTINCT...4

II. THE JUDGMENT FUND PAYS RESOLVED CLAIMS; IT DOES NOT CREATE A FUTURE-CLAIMANT COMPENSATION PROGRAM ......................................5

III. THE SETTLEMENT AGREEMENT'S TREATMENT OF PLAINTIFFS UNDERSCORES THE PROBLEM..........................................................................5

IV. THE COURT NEED NOT DECIDE THE FUND'S ULTIMATE LEGALITY TO RECOGNIZE THE STATUTORY DISTINCTION ......................................................6

CONCLUSION................................................................................................7

CERTIFICATE OF SERVICE...........................................................................7

Table of Authorities

CASES

Office of Pers. Mgmt. v. Richmond,
496 U.S. 414 (1990) .....................................................................................4

CONSTITUTIONAL PROVISIONS

U.S. Const. art. I, § 9, cl. 7 ..........................................................................4

STATUTES

28 U.S.C. § 2414 .....................................................................................3,5

28 U.S.C. § 2672 ....................................................................................3, 4, 5

28 U.S.C. § 2677 ....................................................................................3, 4, 5

31 U.S.C. § 1304 ..................................................................................3, 5, 6, 7

2

OTHER AUTHORITIES

Plaintiffs' Response to the Court's May 29, 2026 Order, DE 89...................3, 5, 6, 7

Settlement Agreement.................................................................................................3, 5

INTEREST OF AMICUS[1]

Amicus submits this short supplemental brief in support of neither party. The brief addresses only one statutory and appropriations-law point raised by Plaintiffs' June 12, 2026 response: Plaintiffs' contention that the Department of Justice's general settlement authorities and the Judgment Fund statutes dispose of objections to the Anti-Weaponization Fund.

SUMMARY OF ARGUMENT

Plaintiffs' June 12 response argues that the United States may settle claims administratively, with or without pending litigation, and identifies 28 U.S.C. §§ 2414, 2672, 2677 and 31 U.S.C. § 1304 as "DOJ Settlement Authorities." That proposition is too broad for the issue presented.

The relevant question is not whether the United States may settle existing claims. It may. The relevant question is whether those settlement and payment statutes authorize the use of the Judgment Fund to capitalize a discretionary, future-claimant compensation program for nonparties whose claims have not been adjudicated, compromised, or settled.

They do not appear to do so.

Section 1304 is not a general programmatic appropriation. It is a permanent, indefinite appropriation for specified judgments, awards, and compromise settlements against the United States that are otherwise payable under designated statutory authorities and not otherwise provided for. Likewise, 28 U.S.C. § 2414 concerns payment of final judgments and compromise settlements of claims. Those authorities support payment of resolved claims; they do not create a free-standing appropriation for an administrative fund to receive, evaluate, and pay future claims by unidentified persons.

The distinction matters here because the Settlement Agreement reportedly provides that Plaintiffs receive no monetary payment or damages. The $1.776 billion Anti-Weaponization Fund is not framed as compensation for Plaintiffs' adjudicated or compromised damages. It is a future-claimant mechanism. Plaintiffs' June 12

---

[1] No counsel for any party authored this brief in whole or in part, and no person or entity, other than Biazzo has contributed money that was intended to fund preparing or submitting the brief.

response does not identify a statute authorizing that mechanism as a Judgment Fund obligation.

## ARGUMENT

### I. SETTLEMENT AUTHORITY AND PAYMENT AUTHORITY ARE DISTINCT

Plaintiffs repeatedly argue that the United States may settle claims outside active litigation. As a general matter, that is correct. The Executive Branch frequently resolves claims administratively. The Federal Tort Claims Act expressly contemplates administrative resolution in appropriate circumstances. *See* 28 U.S.C. §§ 2672, 2677.

But that does not answer the separate appropriations question. A federal official may possess authority to compromise a claim and still need a valid appropriation to pay the resulting obligation. *See Office of Pers. Mgmt v. Richmond*, 496 U.S. 414, 424 (1990)("Any exercise of a power granted by the Constitution to one of the other Branches of Government is limited by a valid reservation of congressional control over funds in the Treasury."). The Appropriations Clause requires that money be drawn from the Treasury only pursuant to an appropriation made by law. U.S. Const. art. I, § 9, cl. 7.

Thus, the question is not merely whether the Attorney General may compromise claims. The question is whether the cited statutes authorize the particular payment mechanism at issue here.

### II. THE JUDGMENT FUND PAYS RESOLVED CLAIMS; IT DOES NOT CREATE A FUTURE-CLAIMANT COMPENSATION PROGRAM

The Judgment Fund, 31 U.S.C. § 1304, is a permanent appropriation for qualifying judgments, awards, and compromise settlements against the United States. It is not a general-purpose fund for creating new compensation programs.

This distinction is reinforced by 28 U.S.C. § 2414, which addresses payment of final judgments and compromise settlements. A compromise settlement under § 2414 resolves a claim against the United States. It is not the same thing as depositing a lump sum into a new administrative fund that will later receive, process, and pay claims by persons who are not parties to the settlement and whose claims have not yet been compromised.

Plaintiffs' June 12 response cites § 2414, § 2672, § 2677, and § 1304 collectively. But none of those provisions appears to authorize capitalizing a future-claimant fund untethered to already-resolved claims. Section 2672 permits administrative

4

adjustment of certain tort claims. Section 2677 permits compromise of certain FTCA claims after suit is instituted. Section 2414 permits payment of final judgments and compromise settlements. Section 1304 supplies an appropriation for qualifying payments. Those authorities may explain how to pay a settled claim. They do not appear to authorize a new compensation regime for unidentified future claimants.

## III.   THE   SETTLEMENT   AGREEMENT'S   TREATMENT   OF PLAINTIFFS UNDERSCORES THE PROBLEM

The Settlement Agreement reportedly states that Plaintiffs will receive a formal apology and no monetary payment or damages. That fact is significant.

If Plaintiffs receive no money, then the $1.776 billion is not payment of Plaintiffs' own resolved damages claims. Instead, the Anti-Weaponization Fund appears designed to evaluate and pay claims of others who are not parties to this litigation. That makes the Fund materially different from a compromise settlement payable to a claimant.

Plaintiffs' June 12 response does not bridge that gap. It identifies general settlement authorities, but it does not identify a statutory basis allowing the Judgment Fund to be used as seed money for a discretionary future-claimant compensation program.

## IV.   THE COURT NEED NOT DECIDE THE FUND'S ULTIMATE LEGALITY TO RECOGNIZE THE STATUTORY DISTINCTION

Amicus does not ask this Court to finally adjudicate the validity of the Anti-Weaponization Fund. Nor does Amicus ask the Court to supervise ordinary Executive Branch settlements. The point is narrower.

Plaintiffs rely on the existence of settlement authority to argue that the settlement was lawful regardless of this Court's jurisdiction, the Rule 41 dismissal, or the pending Rule 60 motion. If the Court considers that argument, it should not accept the premise that settlement authority and Judgment Fund payment authority are interchangeable.

At minimum, if the Court determines that the statutory payment basis is relevant to the pending motion, the Court could require the parties to identify with precision:

1. The specific claim or claims being paid from the Judgment Fund;

2. The claimant or claimants to whom payment is owed;

5

3. The statutory authority making each payment payable under 31 U.S.C. § 1304;

4. Whether the $1.776 billion represents payment of resolved claims or capitalization of a future-claimant fund; and

5. Whether any payment request has been submitted to, certified by, approved by, withdrawn from, or rejected by the Treasury Department or Fiscal Service.

That limited clarification would not require the Court to undertake general oversight of the Executive Branch. It would simply prevent a threshold statutory and appropriations-law distinction from being obscured by the broader phrase "settlement authority."

## CONCLUSION

Plaintiffs' June 12 response correctly observes that the United States may settle claims outside litigation in appropriate circumstances. But that general proposition does not answer whether the Judgment Fund may be used to capitalize a discretionary future-claimant compensation fund for nonparties. Settlement authority is not the same as payment authority. If the Court reaches Plaintiffs' statutory-authority argument, it should require that distinction to be addressed before treating the Anti-Weaponization Fund as an ordinary Judgment Fund settlement.

June 15, 2026                                    Respectfully Submitted,

/s/ Corey J. Biazzo
Corey J. Biazzo, Esq.
Amicus Curiae
Attorney Bar Number 1016148
corey@biazzolaw.com
9801 Lakeview Lane
Parkland, Florida 33076
(703) 297-5777

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will serve all counsel of record by electronic notice.

/s/ Corey J. Biazzo
Corey J. Biazzo, Esq.

7