**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-20609-WILLIAMS/LETT**

PRESIDENT DONALD J. TRUMP, et al.,

        Plaintiffs,

    v.

INTERNAL REVENUE SERVICE, et al.,

        Defendants.

**MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE
BY FORMER GOVERNMENT OFFICIALS
AND PUBLIC INTEREST ORGANIZATIONS**

## INTRODUCTION

Amici Curiae John Koskinen, Kathryn Keneally, Nina Olson, Gilbert Rothenberg are four experts in tax law and former high-level officials in the Internal Revenue Service ("IRS") and Department of Justice ("DOJ") Tax Division, and Amici Common Cause and Project On Government Oversight are two organizations that advocate for taxpayer interests and government accountability. Amici respectfully seek leave to file an additional amicus brief, attached as Exhibit A, to assist the Court in determining whether President Trump's settlement with himself—which has led to an extraordinarily broad Acting Attorney General order granting civil and criminal immunity for tax and non-tax matters to Trump, his family, and his businesses—was collusive.

## BACKGROUND

The Court previously granted leave for Amici, who have decades of experience in federal tax law and in advocating against government corruption and abuse of power, to file a brief regarding the lack of adverseness in this case. Amici's brief explained the serious legal flaws with Plaintiffs' tax disclosure claims, including that they were time-barred and that the astronomical $10 billion sought was legally and factually unsupported. D.E. 33.  Amici warned that, since President Trump controlled litigation on both sides of this case, the case could lead to a collusive settlement that would be detrimental to the public interest and public fisc. *Id.* at 3.

Since the brief was filed, the parties have indeed entered into such a settlement. On May 18, 2026, the parties signed a "Settlement Agreement" in which Plaintiffs agreed to drop their tax disclosure claims against the IRS and two administrative FTCA claims against DOJ, while DOJ agreed the Attorney General would issue an order establishing a $1.776 billion "Anti-Weaponization Fund." D.E. 63-1. That same day, Acting Attorney General Todd Blanche issued an order establishing the Fund. D.E. 63-3.

The next day, May 19, Blanche issued another, different order—not mentioned in the original Settlement Agreement—containing an extraordinarily broad release of liability for Donald Trump, his family, and their businesses ("Immunity Order"). The order purported to bar the United States from "prosecuting or pursuing" "any and all claims," including "examinations," that, as of

1

May 18, 2026, "have been or could have been asserted" against Trump and any "related or affiliated individuals (including, without limitation, family or others filing jointly), or parties including trusts, parent, sister or related companies, affiliates, and subsidiaries." The order covers all claims "whether presently known or unknown," that, as of May 18, 2026, "have been or could have been asserted by Defendants" related to "any matters currently pending or that could be pending (including tax returns filed before the Effective Date [May 18, 2026]) before Defendants or other agencies or departments." While there is some ambiguity in how the release is drafted, the Immunity Order appears to cover not just tax issues, but also non-tax issues that would be handled by "other agencies or departments" that are not the IRS. Thus, the Immunity Order covers not just Trump's tax returns and examinations, but also an enormous universe of matters—both criminal and civil and both tax and non-tax—all extending far beyond the tax disclosure at issue in this lawsuit.

Since then, after public outcry over the Fund, Blanche has suggested that the Fund will not go forward. However, he has stood by the May 19 blanket release of liability.[1] On June 8, Trump nominated Blanche as Attorney General.[2]

The Court currently has before it a motion by 35 former federal judges to reopen the case to determine whether the settlement was collusive and constituted fraud on the Court. *See* D.E. 63; D.E. 65. In trying to defend the settlement, Plaintiffs have claimed that DOJ had statutory authority to enter into the settlement. D.E. 89 at 15-17. Amici's proposed brief explains why DOJ did not have authority to release Plaintiffs' tax liability, nor that of unspecified "related" or "affiliated" individuals or businesses. The brief also addresses relevant constitutional and statutory anti-corruption provisions.

---

[1] Andrew Duehren & Alan Feuer, *Order Shielding Trump Family From I.R.S. Audits Will Remain, Blanche Says*, N.Y. Times (June 2, 2026), https://www.nytimes.com/2026/06/02/us/politics/trump-irs-settlement.html.

[2] PN1078—Todd Blanche—Department of Justice, 119th Cong. (2025-2026), https://www.congress.gov/nomination/119th-congress/1078.

**ARGUMENT**

District courts possess the inherent authority to allow amici to assist in their proceedings. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991). "[I]t is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus.*" *Resort Timeshare*, 764 F. Supp. at 1501.

The Court should grant leave to file the attached amicus brief because the brief would "'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *United States v. Santiago-Ruiz*, No. 17-cr-60022, 2017 WL 11454398, at *2 (S.D. Fla. Dec. 4, 2017) (quoting *Conservancy of Sw. Fla. v. U.S. Fish and Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 3603276 at *1 (M.D. Fla. Sept. 9, 2010)). No brief filed so far focuses on the Immunity Order, which the Court described in its May 29, 2026 briefing order. D.E. 65 at 3 & n.2. Amici's brief addresses the tax law issues implicated by the Immunity Order and provides useful information about the scope of the Attorney General's settlement authority in tax matters. The brief also explains the constitutional (Domestic Emoluments Clause) and statutory (26 U.S.C. § 7217) anti-corruption provisions that prohibit the self-interested dealing that have occurred here. Given the highly unusual circumstances of this case, the information provided in the brief may not otherwise be presented to the Court. No government attorney has appeared in this case. And President Trump controls litigation on both sides of this case, which he has used as a vehicle to give himself, his family, their business, and an unknown number of affiliates broad immunity and a tax windfall.

**CONCLUSION**

For the foregoing reasons, Amici respectfully request that the Court grant their motion for leave to file their proposed amicus brief.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Counsel for Amici emailed counsel for Plaintiffs on June 18, 2026, at 2:57 pm. No response had been received at the time of filing.

Although the government has not yet entered an appearance in this matter, counsel for Amici emailed Matthew Feeley, Chief of the Civil Division for the U.S. Attorney's Office for the Southern District of Florida on June 18, 2026, at 3:02 pm. No response had been received at the time of filing.

Counsel for Amici emailed counsel for Non-Party Movants 35 Former Judges on June 18, at 3:17 pm. Counsel for Non-Party Movants consented to Amici's filing.

Dated: June 22, 2026                          Respectfully submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
DANIEL R. WALSH
Florida Bar No. 0124282
dwalsh@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

TSUKI HOSHIJIMA*
Massachusetts Bar No. 693765
thoshijima@democracyforward.org
JYOTI JASRASARIA*
jjasrasaria@democracyforward.org
D.C. Bar No. 1671527
POOJA A. BOISTURE*
pboisture@democracyforward.org
New York Bar No. 5104559
CYNTHIA LIAO †
D.C. Bar No. 90036947
cliao@democracyforward.org
LISA NEWMAN † ^
Texas Bar No. 24107878
lnewman@democracyforward.org
AYESHA KHAN*
akhan@democracyforward.org
D.C. Bar No. 426836

ROBIN F. THURSTON\*
rthurston@democracyforward.org
D.C. Bar No. 1531399
SKYE L. PERRYMAN\*
sperryman@democracyforward.org
D.C. Bar No. 984573
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090

\*Admitted *pro hac vice*

† *Pro hac vice* application forthcoming

^ Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the District of Columbia Bar.

*Counsel for Amici Curiae Former Government Officials, Common Cause, and Project on Government Oversight*