**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

PRESIDENT DONALD J. TRUMP, DONALD J.
TRUMP JR., ERIC TRUMP, AND THE TRUMP
ORGANIZATION, LLC,

     *Plaintiffs,*

    v.

INTERNAL REVENUE SERVICE, UNITED
STATES DEPARTMENT OF THE TREASURY,

     *Defendants.*

CA No.: 1:26-cv-20609-WILLIAMS/LETT

**MOTION FOR LEAVE TO FILE BRIEF**
**OF AMICI CURIAE TWENTY-THREE STATE ATTORNEYS GENERAL**

*Amici curiae*, twenty-three State Attorneys General, respectfully move the Court for leave to file the amicus brief attached as **Exhibit A** in connection with the Court's resolution of the pending Motion for Relief from Judgment or Order, or, in the Alternative, for Leave to Appear as *Amici Curiae* by Thirty-Five Former Federal Judges, Dkt. No. 63, from the Court's prior order of dismissal in this action under Rule 60. There is good cause for granting *amici*'s motion.

## I.   LEGAL STANDARD

Although there is no Rule of Civil Procedure governing *amicus* participation in the federal trial courts, District Courts retain broad discretion to accept *amicus* participation. *See Resort Timeshares Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991); *see also Fair Fight, Inc. v. True the Vote*, No. 2:20-CV-302-SCJ, 2023 WL 11909697, at *1 (N.D. Ga.) (accepting *amicus* brief over defendants' objection where it "will aid the Court in wading through these nuanced issues").

Courts in this District regularly consider amicus briefs in cases involving issues of significant public concern. *See, e.g.*, *Garcia v. Stillman*, No. 22-cv-24156-BLOOM, 2023 WL 5095540, at *10-12 (S.D. Fla. Aug. 9, 2023) (considering arguments of *amicus* Campaign Legal Center); *Protect Key West, Inc. v. Cheney*, 795 F. Supp. 1552, 1560 (S.D. Fla. 1992) (considering testimony of *amicus* Mayor of Key West, Florida).

## II.   ARGUMENT

*Amici*, the Attorneys General of California and twenty-two other States, offer a unique viewpoint that may aid the Court in deciding amici-intervenors' motion to set aside the judgment and reopen the case.

***First,*** as Attorneys General, *amici* are the chief legal officers of their respective States and entrusted with the responsibility to vigorously—but ethically—advance their States' sovereign interests. In that capacity, *amici* routinely defend legal claims that seek compensation from the public fisc, negotiating and executing settlements to resolve those cases where appropriate. Thus, *amici* are uniquely well situated to advise the Court of the many deeply troubling and highly irregular aspects of the conduct of the litigation and the subsequent settlement of the President's

1

claims, particularly in the context of claims brought against a sovereign entity. *Amici* are charged with representing sovereign interests in state and federal courts every day, giving them a unique vantage point to offer with respect to this litigation.

***Second***, *amici* maintain a strong interest in the lawful and ethical administration of the federal government, with which each of their States interacts in myriad ways. *Amici* have regularly litigated to ensure that the executive branch stays within its constitutional bounds. They are thus uniquely attuned to how the collusive lawsuit and settlement here amount to an end-run around clear constitutional limits to President Trump's authority. This collusive settlement undermines the separation of powers in ways that will harm *amici* and will threaten public confidence in the fair and equitable administration of justice.

### III.   CONCLUSION

For the foregoing reasons, *amici* respectfully move the Court for leave to file the brief attached to this motion as **Exhibit A.**  A proposed order granting the relief requested is attached as **Exhibit B** to this Motion.

**Local Rule 7.1(a)(3) Certification**

The undersigned counsel certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. While *Amici* believe that any conference with counsel for affected parties would be futile given the nature of the case and proposed filing, Amici communicated their intent to file via email to Plaintiffs and Amici Curiae Thirty-Five Former Federal Judges on June 19 and Defendants on June 22. *Amici* requested effected parties provide their position on the filing in that communication. Counsel for *Amici Curiae* Thirty-Five Former Federal Judges indicated their consent to our filing our motion. Counsel for Plaintiffs and Defendants did not respond.

Dated:    June 23, 2026

ROB BONTA
Attorney General of California

NICHOLAS R. GREEN
Special Litigation Supervisor
DANIEL C. SHEEHAN
Deputy Attorney General, Special Litigation
HARALD KIRN*
Deputy Attorney General

California Department of Justice
1300 I Street
Sacramento CA 95818
*Harald.Kirn@doj.ca.gov*
(916) 210-6111

*\*Pro Hac Vice forthcoming*

By:  /s/ Randy R. Dow
Randy R. Dow
Assistant Attorney General
Office of the Maine Attorney General
6 Statehouse Station
Augusta, ME 04333
(207) 441-6832
randy.r.dow@maine.gov
Maine Bar #011178
Florida Bar #0121118

*Counsel for Amicus Curiae Twenty-Three State Attorneys General*

3