July 13, 2025

FILED BY ___ D.C.

JUL 22 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

The Honorable Kathleen M. Williams
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Room 11-3
Miami, Florida 33128

Re: Case 1:26-cv-20609-KMW Document 106 Entered on FLSD Docket 07/13/2026

Dear Judge Williams,

In the referenced order, the Clerk of the Court was directed to:   mail a copy of this order to the State Bar of New York, of which Acting attorney General Blanche is a member (N. 4192456).

I would refer you to the attached complaint I filed against Todd Wallace Blanche and the Attorney Grievance Committee's response. Please note they referred me to the DOJ Office of Professional Responsibility. This was in response to AG Order No 6653-2026-A. Clearly, Todd Blanche would adjudicate against himself.

Your Honor, my forwarding this information is to advise you of the policy of the Attorney Grievance Committee. I sincerely hope your order can penetrate the shield Acting Attorney General Blanche has created for himself and possibly others.

I applaud your order and hope it will be sustained in the future, but I do feel the system is rigged. Please keep this confidential, disclosure of any criticism of the Administration results in threats, including physical attacks.

Sincerely,

Rosario Milelli

6183 Corte Santiago
Pleasanton, CA 94566
925-353-6632

# ATTORNEY GRIEVANCE COMMITTEE

**STATE OF NEW YORK**
**SUPREME COURT APPELLATE DIVISION**
**FIRST JUDICIAL DEPARTMENT**
**180 MAIDEN LANE · 17TH FLOOR**
**NEW YORK, NEW YORK 10038**
**(212) 401-0800**
**EMAIL: AD1-AGC@NYCOURTS.GOV**

**TINA M. WELLS**
**MILTON L. WILLIAMS, JR.**
CHAIRS

**CATHERINE A. CHRISTIAN**
**DEVIKA KEWALRAMANI**
VICE CHAIRS

**JORGE DOPICO**
CHIEF ATTORNEY

**DEPUTY CHIEF ATTORNEY**
ANGELA CHRISTMAS
KEVIN P. CULLEY
VITALY LIPKANSKY
RAYMOND VALLEJO

**STAFF ATTORNEYS**
LOUIS J. BARA
SEAN A. BRANDVEEN
ROY E. CHON
JESSE M. FELDSTEIN
GILLIAN C. GAMBERDELL
THANH T. HOANG
KRISTEN M. LASAK
JUN H. LEE
NORMA I. LOPEZ
DIANA NEYMAN
GINA M. PATTERSON
ORLANDO REYES
CHRISTOPHER S. RONK
BRIAN E. SHULMAN
ERIC SUN
KIRSTEN J. TAMAYO

July 13, 2026

PERSONAL AND CONFIDENTIAL

Rosario Milelli
6183 Corte Santiago
Pleasanton, CA 94566
*Sent By Email Only* jkmile1966@comcast.net

Re:   Matter of Todd W. Blanche, Esq.
        Docket No. 2026.1907

Dear Ms. Milelli:

We received your complaint against the above Acting Attorney General. Such complaints are reviewed by the United States Department of Justice's Office of Professional Responsibility. Accordingly, you may wish to forward your complaint, and any accompanying documentation, to:

> Office of Professional Responsibility
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW, Suite 3266
> Washington, D.C. 20530

We will take no action in this matter at this time. Please notify us of any adverse findings or other event that may warrant our attention. If you have not already done so, you may consider consulting counsel regarding possible legal remedies. Thank you.

Yours truly,

Jorge Dopico
Chief Attorney

AC/sgl
H - R-OA

**Attorney Grievance Committee**
**First Judicial Department**
180 Maiden Lane, 17th Floor
New York, New York 10038

**Re: Formal Disciplinary Complaint Against Todd Wallace Blanche**
New York Bar Registration No. 4192456
Acting Attorney General of the United States / Former Deputy Attorney General

**Complainant: Rosario Milelli, Independent Scholar**
6183 Corte Santiago, Pleasanton, CA 94566

Date: May 5, 2026

## I. INTRODUCTION AND OVERVIEW

Complainant Rosario Milelli respectfully submits this formal disciplinary complaint against Todd Wallace Blanche (New York Bar Reg. No. 4192456), currently serving as Acting Attorney General of the United States and formerly as Deputy Attorney General, pursuant to the Rules of the Appellate Division, First Department, and the New York Rules of Professional Conduct.

This complaint does not arise from partisan disagreement with the policies of any administration. It arises from a specific, documented, and ongoing pattern of professional conduct by a licensed New York attorney that violates core obligations imposed on all attorneys — and with particular gravity on prosecutors — by the New York Rules of Professional Conduct. The violations alleged herein concern:

> (1) The weaponization of the prosecutorial function to pursue the President's publicly identified political enemies, without probable cause and in the face of repeated rejection by grand juries and federal courts;

> (2) A disqualifying conflict of interest arising from Mr. Blanche's prior role as personal criminal defense counsel to the President, now directing prosecutions on that same President's behalf;

> (3) A financial conflict of interest in issuing policy that directly benefited his personal cryptocurrency holdings;

> (4) A scheme — by way of a proposed federal rule — to insulate himself and other DOJ attorneys from independent state bar oversight, placing the Department in the constitutionally untenable position of investigating its own attorneys for misconduct under the direction of the very official whose conduct is at issue.

The last of these warrants particular emphasis. Mr. Blanche, in his capacity as Acting Attorney General, has proposed a federal rule (DOJ Docket No. OAG199, AG Order No. 6653-2026-A, published March 5, 2026) that would require state bar disciplinary authorities to suspend their independent investigations of DOJ attorneys and defer to a DOJ-led internal review. The effect — and the evident purpose — is to place Mr. Blanche's own conduct beyond the reach of independent oversight. A government agency cannot conduct a neutral investigation of its own leadership. This Committee's independent authority is not subject to executive branch veto, and this complaint respectfully urges the Committee to assert and exercise that authority without delay.

## II. RESPONDENT INFORMATION

Full Name: Todd Wallace Blanche

New York Bar Registration No.: 4192456

Admitted: February 2004

Law School: Brooklyn Law School (J.D. 2003)

Last Registered Firm: Blanche Law, 99 Wall Street, Suite 4460, New York, NY 10005

Current Position: Acting Attorney General of the United States (since April 2, 2026); formerly Deputy Attorney General (confirmed March 2025)

### III. JURISDICTION AND THE DOJ SELF-REVIEW RULE

Mr. Blanche is admitted to the New York State Bar and has practiced in New York throughout his career. Jurisdiction over his professional conduct vests in this Committee under the Rules of the Appellate Division, First Department.

The Committee must be aware that Mr. Blanche, in his capacity as Acting Attorney General, has proposed a federal rule (Federal Register Vol. 91, p. 10780, March 5, 2026) that would purport to grant the Department of Justice the "right of first review" over any state bar disciplinary complaint filed against a current or former DOJ attorney, and would require this Committee to suspend its investigation pending completion of that DOJ review.

This proposed rule is unlawful, unconstitutional, and in the context of this complaint, represents a profound conflict of interest. As the New York City Bar Association stated in its formal comment on the proposed rule: "DOJ's conflict of interest is obvious and would bar DOJ personnel from even participating in state disciplinary proceedings against another DOJ lawyer, let alone controlling the investigation and determining the outcome."

The rule violates 28 U.S.C. § 530B (the McDade-Murtha Amendment), which mandates that government attorneys are subject to state ethics rules "to the same extent and in the same manner as other attorneys." It encroaches on the states' constitutionally grounded authority to regulate the legal profession. The State Bar of California, the New York City Bar Association, and attorneys general from multiple states have each filed formal objections on separation of powers, federalism, and equal protection grounds.

Critically: Mr. Blanche is both the subject of this complaint and the official who would conduct the DOJ's purported "internal review" under his own proposed rule. No principle of law, ethics, or basic fairness permits a respondent to adjudicate complaints against himself. This Committee should proceed with its full independent authority, decline any DOJ request to suspend its proceedings, and treat Mr. Blanche's attempt to capture this oversight process as itself probative of the consciousness of misconduct alleged herein.

### IV. STATEMENT OF FACTS

#### A. Mr. Blanche's Prior Role as Personal Counsel to President Trump

From April 2023 through January 2025, Todd Blanche served as the personal criminal defense attorney for Donald J. Trump in three separate federal and state criminal prosecutions, including the Manhattan hush-money trial in which Trump was convicted of 34 felony counts, the federal classified documents case, and the federal election obstruction case. Mr. Blanche was Trump's lead trial counsel and appeared in court on Trump's behalf on a daily basis over the course of those proceedings.

Following Trump's election victory in November 2024, Trump nominated Mr. Blanche as Deputy Attorney General. He was confirmed by the Senate in March 2025. On April 2, 2026, following the dismissal of Pam Bondi as Attorney General, Mr. Blanche became Acting Attorney General of the United States — the nation's chief law enforcement officer.

**B. The Pattern of Political Prosecution**

Contemporaneous reporting and public record establish that Mr. Blanche's tenure at the Department of Justice has been characterized, from the outset, by the pursuit of prosecutions against individuals publicly identified by President Trump as his political enemies.

President Trump publicly demanded the prosecution of, among others, former FBI Director James Comey, New York Attorney General Letitia James, former CIA Director John Brennan, and Senator Adam Schiff, posting on Truth Social that these individuals were "guilty as hell" and ordering his then-Attorney General to indict them. These demands were made publicly, by name, before any charges were filed.

The results of these prosecutions are instructive:

> • A federal judge dismissed charges against both Letitia James and James Comey. The DOJ then attempted to re-indict James before a grand jury on multiple occasions; the grand jury declined to return charges. A second indictment of Comey was pursued over a social media post that Comey deleted and apologized for months before charges were filed. Senator Schiff, himself a former federal prosecutor, publicly stated he had never seen a weaker case.

> • A grand jury rejected criminal charges against six Democratic lawmakers who had posted a video urging service members to decline illegal orders.

> • The DOJ terminated its investigation into Federal Reserve Chair Jerome Powell in exchange for a Republican senator's vote on Powell's successor — a transaction that makes the political character of these prosecutions explicit.

> • Prosecutors who refused to pursue the Comey prosecution were fired.

An administration official was quoted stating that the difficulty with the "weaponization" work was that "you need people who are MAGA and who are really competent," explicitly linking political identity to prosecutorial qualification.

Mr. Blanche, upon becoming Acting Attorney General, immediately traveled to Florida to personally meet with the prosecutor assigned to investigate former CIA Director Brennan, a named Trump critic, and was reported to be "fighting to prove he's the man to deliver on Trump's biggest priority: prosecuting the president's political adversaries."

**C. The Cryptocurrency Conflict of Interest**

While serving as Deputy Attorney General, Mr. Blanche issued a memorandum ending Department of Justice investigations into cryptocurrency companies, dealers, and exchanges, and disbanded the enforcement team dedicated to detecting crypto-related fraud and money laundering. At the time he issued this order, Mr. Blanche held cryptocurrency assets valued at no less than $159,000, including Bitcoin, Solana, Cardano, and Ethereum. The Campaign Legal Center filed a formal ethics complaint with the DOJ's acting Inspector General, alleging that Mr. Blanche had "blatantly and improperly influenced DOJ's digital asset prosecution guidelines while standing to financially benefit."

Mr. Blanche subsequently divested these holdings more than a month after issuing the memo — and did so by transferring the assets to his adult children and grandchild, a structure ethics experts described as technically compliant but contrary to the spirit and intent of divestiture requirements.

### D. The Dismissal of the Pardon Attorney

Mr. Blanche dismissed Liz Oyer, the DOJ's Pardon Attorney, after she declined his request to add the actor Mel Gibson to a list of individuals who should have their firearms rights restored. The removal of an officer of the Department for refusing to grant a personal favor to a named individual is inconsistent with the exercise of prosecutorial discretion in the public interest.

### E. Armed Federal Agents at Polling Places

At the Conservative Political Action Conference in March 2026, Mr. Blanche stated publicly that he did not understand objections to deploying ICE officers to polling places for the 2026 midterm elections. Federal law — specifically 18 U.S.C. § 592 — generally prohibits the deployment of armed federal law enforcement at polling places. A statement by the nation's Acting Attorney General expressing incomprehension of a law he is charged with enforcing, in a direction that would benefit his patron's political party in an election, is itself a matter of professional concern.

## V. RULES OF PROFESSIONAL CONDUCT VIOLATED

### Rule 8.4(d) — Conduct Prejudicial to the Administration of Justice

New York Rule 8.4(d) prohibits conduct "prejudicial to the administration of justice." The pursuit of criminal charges against the President's named political enemies — charges the President publicly demanded before indictment, pursued by prosecutors selected for political loyalty, and repeatedly rejected by grand juries and federal courts — constitutes a systematic corruption of the prosecutorial function. No conduct is more prejudicial to the administration of justice than the use of criminal prosecution as an instrument of political retribution.

### Rule 3.8 — Special Responsibilities of a Prosecutor

Rule 3.8 requires prosecutors to refrain from pursuing charges absent probable cause and to exercise prosecutorial discretion independently of improper considerations. The pattern documented above — in which prosecutorial targets were selected by presidential social media post, prosecutors who declined to pursue weak cases were fired, and grand juries on multiple occasions declined to indict — establishes that Mr. Blanche has permitted, directed, and ratified prosecutorial decisions made not on the basis of evidence but on the basis of political identity. Rule 3.8 exists precisely to prevent this.

### Rule 1.11 — Special Conflicts of Interest for Former and Current Government Officers

Rule 1.11 governs conflicts of interest arising from a lawyer's prior government or private service. Mr. Blanche personally represented Donald Trump as his criminal defense attorney in three prosecutions. He is now the nation's chief law enforcement officer directing prosecutions, dropping prosecutions, and shaping DOJ policy at the direct behest of the man he defended. The conflict is not marginal or technical — it is structural and total. His prior attorney-client relationship with the President infects every exercise of prosecutorial discretion in this administration.

### Rule 1.7 — Conflict of Interest: Current Clients / Financial Interests

The cryptocurrency memo, issued while Mr. Blanche held significant personal cryptocurrency assets and before he had divested them, represents a conflict between his private financial interests and his public

duties. His conduct falls below the standard required of any attorney, and is aggravated by his unique position of public trust.

### Rule 8.4(c) — Conduct Involving Dishonesty or Misrepresentation

Mr. Blanche publicly stated at a White House press conference that the assertion that the DOJ was being weaponized against political opponents was "completely false." This statement was made while Mr. Blanche was personally overseeing prosecutions demanded by presidential social media post, firing prosecutors who declined to pursue weak cases, and pursuing indictments that grand juries and federal courts repeatedly rejected as unsupported. A statement so directly contradicted by the speaker's own documented conduct constitutes misrepresentation within the meaning of Rule 8.4(c).

## VI. THE DOJ CANNOT INVESTIGATE ITSELF: WHY THIS COMMITTEE MUST ACT INDEPENDENTLY

The proposed DOJ rule (AG Order No. 6653-2026-A) would require this Committee to defer to a DOJ-led internal review before conducting its own investigation. This Committee should decline that request without hesitation, for the following reasons:

> First, Mr. Blanche is both the subject of this complaint and the official who would conduct the DOJ's internal review. The conflict is total and disqualifying. No principle of law or ethics permits an individual to adjudicate a complaint against himself.

> Second, the proposed rule violates 28 U.S.C. § 530B, which requires that DOJ attorneys be subject to state ethics oversight "to the same extent and in the same manner" as all other attorneys. Subjecting DOJ attorneys to a preliminary executive branch veto over bar proceedings creates a privileged class of attorneys exempt from independent oversight, in direct violation of this congressional mandate.

> Third, the Office of Inspector General — the internal watchdog that might otherwise provide some degree of independent review — has already been reported to have declined investigation of politically sensitive allegations involving senior DOJ leadership, and has faced leadership turnover, veteran departures, and budget pressure since Inspector General Horowitz's departure. Internal oversight has functionally collapsed.

> Fourth, the proposed rule provides no timeline for the DOJ's review, permitting indefinite delay of state bar proceedings. As Law Forward noted in its formal comment, this structure would permit the DOJ to "significantly, if not indefinitely, delay state ethics proceedings" — which is to say, to functionally nullify them.

> Fifth, as NYU legal ethics scholar Stephen Gillers stated: "It is a DOJ power grab." The power to license and discipline attorneys has historically been vested in state courts. The executive branch does not possess and cannot acquire by regulation the authority to supervise that power.

The fact that Mr. Blanche has proposed this rule while the conduct alleged in this complaint was ongoing is itself relevant evidence. It reflects awareness that his conduct is subject to professional discipline and a deliberate effort to forestall that discipline. This Committee should treat it accordingly.

## VII. RELIEF REQUESTED

Complainant respectfully requests that this Committee:

> 1. Accept and docket this complaint for investigation;

2. Decline any DOJ request to suspend these proceedings pending internal DOJ review, on the grounds that such a request presents an irreconcilable conflict of interest and violates 28 U.S.C. § 530B;

3. Conduct a full investigation into the conduct described herein;

4. Upon a finding of misconduct, impose such sanctions as the Committee deems appropriate, up to and including referral for formal disciplinary proceedings and suspension or revocation of Mr. Blanche's New York law license.

## VIII. CERTIFICATION

I, Rosario Milelli, hereby certify that the foregoing statements are true and accurate to the best of my knowledge, information, and belief, and that this complaint is submitted in good faith and not for purposes of harassment.

_____
**Rosario Milelli**
Independent Scholar

**Submitted to:**

Attorney Grievance Committee, First Judicial Department
180 Maiden Lane, 17th Floor
New York, New York 10038
Email: AD1-AGC-newcomplaints@nycourts.gov



Joe Merrill
6183 Corte Santiago
Pleasanton, CA 94588

Retail

33128

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
PLEASANTON, CA 94588
JUL 13, 2026

**$1.98**

S2324D500728-14

The Honorable Kathleen M. Williams
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Room 11-3
Miami, Florida 33128

REC'D BY_____D.C.

JUL 20 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

BAER

