**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, et al.,<br><br>              Plaintiffs,<br><br>   v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>              Defendants. | No. 1:26-cv-20609-KMW |

**AMICI FORMER GOVERNMENT OFFICIALS
AND PUBLIC INTEREST ORGANIZATIONS'
VERIFIED MEMORANDUM IN SUPPORT OF REIMBURSEMENT**

Two weeks ago, this Court issued an Order concluding that, in bringing and "settl[ing]" this lawsuit, Plaintiffs "manipulate[d] the judicial process" and Defendants "abdicat[ed] their responsibility to zealously defend the interests of the United States." D.E. 106 at 50-52. Pursuant to that Order (*see* D.E. 106), Amici Former Government Officials and Public Interest Organizations ("Amici")—comprising John Koskinen, former Commissioner of the Internal Revenue Service; Kathryn Keneally, former Assistant Attorney General for the U.S. Department of Justice's Tax Division; Nina Olson, former National Taxpayer Advocate; Gilbert Rothenberg, former Chief of the U.S. Department of Justice, Tax Division, Appellate Section; Common Cause, a nonpartisan, grassroots organization; and Project On Government Oversight ("POGO"), a nonpartisan, independent watchdog—submit this Memorandum in support of appropriate reimbursement for preparation of their amicus brief. The Court invited this filing after concluding that monetary sanctions are warranted because "Plaintiffs acted in bad faith." *Id.* at 52. As detailed below, the Court should award Amici $39,000.00 in attorneys' fees for work performed by counsel from Democracy Forward Foundation.

## I.   BACKGROUND

This Memorandum assumes familiarity with the factual and procedural background of this case, which is set forth in detail in the Court's Order, *see* D.E. 106 at 3-9, and focuses on Amici's contributions. On February 5, 2026, just one week after Plaintiffs filed their complaint, Amici filed a Motion for Leave to File Brief as *Amici Curiae*. D.E. 7. Drawing on decades of experience in federal tax law, the rule of law, and the interests of the American people, Amici submitted their brief to alert the Court to the interests of taxpayers in this lawsuit—which they rightfully feared that Defendants would not defend. Amici's brief warned that, since President Trump controlled litigation on both sides of this case, the case could lead to a collusive settlement that would be detrimental to the public interest and public fisc. D.E. 33 at 3-6. Amici's brief further explained the serious legal flaws with Plaintiffs' tax disclosure and Privacy Act claims, including that they were time-barred and that the astronomical $10 billion sought was legally and factually unsupported. *Id.* at 6-17. Finally, Amici's brief asked the Court to use its inherent authority to proactively manage this unusual case by (1) issuing an order for the Parties to, among other things, show cause why this Court has jurisdiction, (2) appointing amici with expertise on issues of tax law and separation-of-powers issues to present fulsome legal arguments on all arguments the Department of Justice may abandon, and (3) authorizing amicus participation in any hearings. *Id.* at 17-19. No party opposed Amici's motion to file, which the Court granted. D.E. 28.

In the absence of any government defense, the Court ultimately adopted several of Amici's recommendations and arguments. It ordered each party to address the issue of whether a case and controversy exists, so as to establish the Court's jurisdiction, D.E. 41, and it appointed amici to file a memorandum on that question, D.E. 43. And in the Court's most recent order, it acknowledged several of Amici's arguments as to the Parties' lack of adverseness and the flaws in

2

Plaintiffs' complaint. *See, e.g.*, D.E. 106 at 11-27. Although the Court did not accept the filing, it also acknowledged arguments that Amici made in a second proposed brief, which contended that the Release Order violates a federal law that prevents the president or his advisors from ordering the IRS to terminate a tax audit, that its conferral of potentially millions of dollars in tax relief and other benefits violates the Emoluments Clause, and that the settlement deviated from DOJ procedures. *See id.* at 34-35.

This Court ultimately found that the conduct of both Parties was "untenable." *Id.* at 50. For their part, Plaintiffs brought the lawsuit "not [] to vindicate rights," but "to manipulate the judicial process to pursue benefits unavailable in litigation because the Parties were not adverse." *Id.* As for the government, it "entered into a 'settlement' that deviated from its litigation posture in similar actions, disregarded DOJ policies, and accomplished objectives beyond those authorized, as well as those specifically prohibited, by law." *Id.* at 51. Citing "the ethical implications of [the Parties'] conduct," the Court concluded that "[t]he Parties used the existence of federal litigation as a means of conferring legitimacy upon a course of action that they were unwilling to subject to judicial review," "expressly [found] that Plaintiffs acted in bad faith," and "invoke[d] [its] inherent authority" to impose monetary sanctions. *Id.* at 52. To effectuate those sanctions, the Court invited all amici in this case—including Amici Former Government Officials and Public Interest Organizations—to file "a memorandum regarding any appropriate reimbursement." *Id.* at 53. Accordingly, Amici seek an award of attorneys' fees relating to their first brief, in the amount of $39,000.

## II.    ANALYSIS

***The hourly rates sought are reasonable***. Amici seek recovery of $39,000.00 in this matter, broken down as follows:

3

| Firm | Attorney | Hours | Rate | Total |
|---|---|---|---|---|
| Democracy Forward | Pooja Boisture | 16.75 | $500.00 | $8,375.00 |
| Democracy Forward | Tsuki Hoshijima | 39.00 | $500.00 | $19,500.00 |
| Democracy Forward | Jyoti Jasrasaria | 22.25 | $500.00 | $11,125.00 |
| | | 78 | | $39,000.00 |

An award of attorney's fees is calculated by using the lodestar method, which is the number of reasonable hours expended multiplied by the reasonable hourly rate for each timekeeper. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (quotation marks and citation omitted). The relevant legal community is "the place where the case is filed." *Id.* at 437 (quotation marks and citation omitted).

The attorneys from Democracy Forward Foundation seek hourly rates that are consistent with the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Amici's legal team was led by Democracy Forward Foundation attorneys, including Pooja Boisture, Tsuki Hoshijima, and Jyoti Jasrasaria, and supported by Gelber Schachter & Greenberg, P.A. attorneys as local counsel.[1] All of Amici's lawyers are experienced attorneys with years of complex litigation experience, including in the areas of separation of powers and tax law. The backgrounds of the three attorneys for whose time Amici seek reimbursement are detailed below.

---

[1] Notably, Amici seek fees only for work performed by their lead counsel from Democracy Forward. The firm of Gelber Schachter & Greenberg, P.A., which served as local counsel and provided primarily procedural guidance, is not seeking reimbursement.

Pooja Boisture is a senior counsel at Democracy Forward Foundation. She graduated from Columbia Law School in 2012 and has been licensed to practice law since 2012. She served as a law clerk to Judge Jane Richards Roth on the U.S. Court of Appeals for the Third Circuit. After working in private practice for several years, Ms. Boisture served as an attorney in the Appellate Section of the U.S. Department of Justice's Tax Division, where she represented the United States before federal courts of appeals in cases involving tax and administrative law issues. Ms. Boisture's biography is available at https://perma.cc/3EWJ-G4LB.

Tsuki Hoshijima is a special counsel (and was senior counsel at the time of Amici's brief) at Democracy Forward Foundation. He graduated from Harvard Law School in 2015 and has been licensed to practice law since 2015. He served as a law clerk to Judge Sandra L. Lynch on the U.S. Court of Appeals for the First Circuit and Judge Patti B. Saris on the U.S. District Court for the District of Massachusetts. He served as an Attorney-Adviser in the U.S. Department of Justice's Office of Legal Counsel and as a Senior Attorney in the U.S. Department of Justice's Environment and Natural Resources Division. Mr. Hoshijima has litigated and advised on a broad range of legal issues, including constitutional separation of powers issues. Mr. Hoshijima's biography is available at https://perma.cc/MQZ3-6XNK.

Jyoti Jasrasaria is a senior counsel at Democracy Forward Foundation. She graduated from Harvard Law School in 2018 and has been licensed to practice law since 2018. She served as a law clerk to Judge David J. Barron on the U.S. Court of Appeals for the First Circuit and Judge Randolph D. Moss on the U.S. District Court for the District of Columbia. She then entered private practice, where she litigated a wide range of constitutional and statutory issues in federal and state courts across the country. Ms. Jasrasaria's biography is available at https://perma.cc/8E4M-F8UV.

Ms. Boisture, Mr. Hoshijima, and Ms. Jasrasaria seek reimbursement at the rate of $500

per hour, which is readily apparent as reasonable for the purposes of the Court's analysis given rates in the South Florida legal community.[2] "Courts in this district have approved hourly rates of up to $500 for [senior-level] associates" with seven years of experience. *Prosomnus Sleep Techs. v. Penn*, No. 0:25-CV-60110, 2026 WL 2065242, at *2 (S.D. Fla. July 17, 2026) (citing cases). Both Ms. Boisture and Mr. Hoshijima have ten or more years of experience, and Ms. Jasrasaria has eight years of experience. Moreover, each has the kind of "superlative background and experience" which would merit compensation at the higher end of the associate range even with fewer years of experience. *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-21373-CV, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023) (concluding that hourly rate for litigation associate with superlative background and seven years of experience in this district was $500), *report & recommendation adopted*, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023).

***The hours expended are reasonable***. In this Circuit, district courts analyze twelve factors to determine the reasonableness of attorney's fees requested by a prevailing party. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) (establishing guidelines for courts to follow in determining fee requests). Those twelve factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the

---

[2] Although Amici's attorneys are entitled to a considerably higher rate, they seek a lower rate here to avoid any doubt about the reasonableness of their hourly rate and to avoid prolonged litigation on this issue. *Cf., e.g.*, *Infogroup Inc. v. Off. Depot Inc.*, No. 23-cv-80358, 2024 WL 4110526, at *3 (S.D. Fla. Aug. 21, 2024) (finding hourly rates of $800 for associate who had been practicing for 13 years and $850 for senior associate who had been practicing for 10 years to be reasonable), *report and recommendation adopted*, No. 23-cv-80358, 2024 WL 4104029 (S.D. Fla. Sept. 6, 2024); *Sanchez v. Ultimo, LLC*, No. 19-CV-3188-MJS, 2025 WL 1024970, at *4 (D.D.C. Apr. 7, 2025) (using *Laffey* matrix to show that rate for attorney with 12 years of experience was $948.00 and rate for attorney with 4 years of experience was $581.00).

case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008).

*The time and labor required*. The time and diligent effort expended by Amici's counsel supports the requested fee. The hours worked and services performed by Amici's attorneys are detailed in Ms. Khan's Declaration (*see* Exhibit A) and the attached Attorney Fee Records (*see* Exhibit B). All of the hours claimed were recorded contemporaneously and accurately by Ms. Boisture, Mr. Hoshijima, and Ms. Jasrasaria, and all of this time was necessary and required to provide the Court with fulsome arguments about the lack of adverseness and the significant flaws in Plaintiffs' complaint. Amici's attorneys do not seek reimbursement for time spent in meetings, sending emails, or conducting clerical or administrative tasks. *See Florez v. De La Cruz*, No. 20-22766-CIV, 2023 WL 2388276, at \*7 (S.D. Fla. Mar. 7, 2023) (deducting fees for time spent on clerical tasks). Nor do they seek fees for time spent reviewing and finalizing the brief or providing procedural advice by local counsel at Gelber Schachter & Greenberg, P.A., senior attorneys at Democracy Forward Foundation, or legal support administrative staff. Finally, Amici's attorneys do not seek reimbursement for the significant time spent preparing their second brief, which was filed on June 22, 2026. D.E. 95.

*The novelty and difficulty of the case*. The issues involved in this unprecedented litigation required a high level of skill and creativity, as well as the ability to research and brief complex issues. As the Court has recognized: "There is nothing 'ordinary' about this case; it is the very definition of *sui generis*." D.E. 106 at 2.

*The requisite skill to perform the legal services properly*. This criterion is addressed to the Court's assessment of the attorneys based on its observation of "the attorney's work product, his [or her] preparation, and general ability before the court." *Johnson*, 488 F.2d at 718. This criterion

asks, initially, whether Amici's lawyers were competent and experienced to do the job assigned and whether they merit the commercial rate for lawyers engaged in litigation in federal court. Here, as described above, Amici's attorneys have extensive experience briefing complex and novel legal issues in federal court, as well as significant experience as federal government attorneys and substantive expertise in constitutional and tax law.

*The preclusion of employment*. While this case did not preclude counsel from other employment, a significant amount of work was required to properly analyze Plaintiffs' allegations as well as to develop a specific strategy to expose Plaintiffs' meritless and barred claims in the absence of any government defense. Amici's attorneys undertook their work on Amici's brief at the expense of work on other ongoing and potential litigation.

*The customary fee*. As discussed above, the hourly rate and attorney's fees sought by Democracy Forward Foundation are below the rate and fees customarily charged by attorneys and firms involved in litigation matters. The $500.00 hourly rate is reasonable based on the experience, reputation, and abilities of the attorneys.

*Whether the fee is fixed or contingent*. Amici's attorneys did not bill Amici for their work on the brief.

*The time limitations imposed by the client or the circumstances*. Amici's attorneys moved for leave to file the brief within one week of Plaintiffs' complaint because there was a significant risk that the Parties could enter into a collusive settlement on an expedited basis.

*The amount involved and the results obtained*. The relief being sought by the Plaintiffs in this matter was significant: $10 billion. As to the result obtained, Amici were able to expose significant flaws in Plaintiffs' complaint—in the absence of any defense mounted by Defendants— and frame the serious risks of a collusive settlement. As explained above, the Court ultimately

adopted several of Amici's recommendations and arguments.

*The experience, reputation, and ability of the attorneys*. Democracy Forward Foundation is a prominent Washington, DC-based nonprofit and legal organization that fights abuses of power and protects democratic institutions. Although it is not seeking reimbursement, Gelber Schachter & Greenberg, P.A. is a well-established and respected law firm. As discussed, and detailed above, the attorneys who worked on this litigation case are experienced in matters of this kind and familiar with federal court practice.

*The "undesirability" of the case*. Although Democracy Forward Foundation and Gelber Schachter & Greenberg, P.A. are privileged to have had the opportunity to represent Amici in this matter, they acknowledge the significant risks to filing a brief that is critical of this President and his administration.

*The nature and length of the professional relationship with the client*. This litigation was the first in which Democracy Forward represented Common Cause or the individual former government officials. Democracy Forward has represented POGO in other litigation and has partnered with both Common Cause and POGO in non-litigation advocacy work. This litigation is the first in which Gelber Schachter & Greenberg and Amici shared a professional relationship.

*Awards in similar cases*. Although courts do not typically award fees for amicus briefs, courts regularly approve awards for upwards of eighty hours for similar legal briefs. *See, e.g.*, *Sheehan v. Big Lots, Inc.*, No. 24-13354, 2025 WL 2461617, at *9 (11th Cir. Aug. 27, 2025) (affirming district court's award and finding "it was reasonable for the attorneys to spend approximately 80 hours preparing the motion to dismiss and 40 hours preparing the reply").

## III.   CONCLUSION

For all these reasons, this Court should award Amici $39,000.00 in reimbursement.

## VERIFICATION

Under penalty of perjury, I declare that I have read Amici Former Government Officials and Public Interest Organizations' Verified Memorandum in Support of Reimbursement and that the facts alleged therein are true and correct.

_____
JYOTI JASRASARIA*
D.C. Bar No. 1671527

*Admitted *pro hac vice*

**SWORN TO AND SUBSCRIBED** before me this 27th day of July, 2026, by JYOTI JASRASARIA, who is personally known to me or has produced _____ as identification.



MEGAN ESPINOZA
Commission # HH 428448
Expires August 3, 2027

_____
Notary Public

State of FLORIDA _____

10

Dated: July 27, 2026

Respectfully Submitted,

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
DANIEL R. WALSH
Florida Bar No. 0124282
dwalsh@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

TSUKI HOSHIJIMA*
D.C. Bar No. 90043312
thoshijima@democracyforward.org
JYOTI JASRASARIA*
jjasrasaria@democracyforward.org
D.C. Bar No. 1671527
POOJA A. BOISTURE*
pboisture@democracyforward.org
D.C. Bar No. 90043351
AYESHA KHAN*
akhan@democracyforward.org
D.C. Bar No. 426836
ROBIN F. THURSTON*
rthurston@democracyforward.org
D.C. Bar No. 1531399
SKYE L. PERRYMAN*
sperryman@democracyforward.org
D.C. Bar No. 984573
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090

*Admitted *pro hac vice*

*Counsel for Amici Curiae Former Government Officials, Common Cause, and Project on Government Oversight*

11