**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PRESIDENT DONALD J. TRUMP,
et al.,

    Plaintiffs,

v.

INTERNAL REVENUE SERVICE,
et al.,

    Defendants.

Case No. 26-CV-20609-WILLIAMS

---

**MEMORANDUM OF THIRTY-FIVE FORMER FEDERAL JUDGES FOR**
**REIMBURSEMENT OF ATTORNEYS' FEES**

Pursuant to the Court's July 13, 2026 Order, Dkt. 106 (the "Order"), the thirty-five former federal judges who appeared in this matter as non-party movants and/or amici curiae (the "Former Federal Judges" or "Movants") respectfully submit this memorandum regarding appropriate reimbursement. The Court noted that the Former Federal Judges' briefing "precipitated" the Order and invited the Former Federal Judges to file a memorandum regarding reimbursement of attorneys' fees. *See* Order at 52-54.

Consistent with the public-minded purpose of their participation, the Former Federal Judges do not seek to recover the full value of their attorneys' fees and costs, which in the aggregate would substantially exceed $100,000. They seek only nominal fees of $1 for each of the four firms that represented them, plus reimbursement of the modest, out-of-pocket costs paid by counsel consisting of $4,500 in *pro hac vice* admission fees and $106.83 in mailing costs. As set forth below, an award of that limited sum is fully supported by the authorities the Court itself

1

identified. However, this Court may also assess additional sanctions unrelated to these attorneys' fees if it deems it appropriate.

## I.   BACKGROUND.

As the Court's Order outlined the procedural history of this matter in detail, Movants highlight only those facts relevant to the issues in this memorandum. On May 27, 2026, the Former Federal Judges filed a Motion for Relief from Judgment or Order, or, in the Alternative, for Leave to Appear as Amici Curiae. ECF 63. That motion highlighted irregularities in the parties' conduct related to this matter and argued that the lawsuit and the purported settlement were the product of collusion and a fraud on the Court. Among other things, the motion urged the Court to set aside the prior voluntary dismissal of the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), ECF 62.

In light of the "grievous allegations" raised by Movants, the Court issued an order on May 29 requiring Plaintiffs to respond to the issues raised in the motion. ECF 65. The Court also instructed that the Former Federal Judges "may, if they choose, file a reply." Plaintiffs filed their Response on June 12 and the Former Federal Judges filed a Reply on June 19. ECF 89, 94.

After reviewing the full briefing, the Court entered its Order on July 13. The Court noted that the Former Federal Judges' "briefing precipitated this Order." ECF 106 at 53. The Court agreed with the Former Federal Judges' argument in their Reply brief that voluntary dismissal of a case under Rule 41(a) "does not deprive the Court of authority to resolve issues collateral to the merits," *id.* at 9, including exercising Rule 11 authority or inherent authority to investigate abusive, bad faith and sanctionable conduct. The Court concluded, consistent with Movants' arguments, that "this action was presented for an improper purpose—to gain the imprimatur of judicial legitimacy for a 'settlement' that had no viable basis in law or fact." *Id.* at 38. The Court found

that there was never a case or controversy because President Trump controlled both sides of the litigation, that Defendants' and Defendants' counsel's conduct in this case was "wholly incompatible with the duties of DOJ attorneys (as well as CEO Bisigano for the IRS) to enforce the law and protect the public interest," *id.* at 34-35.

In light of those findings, the Court first proceeded under its Rule 11 discretionary authority to conclude that sanctions were appropriate, choosing to limit its Rule 11 remedies to non-monetary sanctions. *Id.* at 44. It referred Plaintiffs' counsel Alejandro Brito to The Florida Bar for evaluation of whether disciplinary action is appropriate, ordered that all future applications for *pro hac vice* to the Southern District of Florida by Plaintiffs' counsel Daniel Z. Epstein be denied for one year or until further order of the Court, and prohibited the parties from "referring to the purported 'settlement agreement,' or using, offering, admitting, or citing any of its provisions in any judicial, administrative, regulatory, arbitration, or any other official proceeding as evidence of a 'settlement' reached in this matter." *Id.* at 46-47.

The Court separately acted under its independent inherent authority to protect the integrity of the judicial process—authority that the Former Federal Judges discussed at length in their reply brief of June 19. The Court agreed that the lawsuit "was brought to manipulate the judicial process to pursue benefits unavailable in litigation," "expressly" found that "Plaintiffs acted in bad faith," and concluded that "Defendants' conduct is equally untenable," including "abdicating [their] responsibility to zealously defend the interests of the United States" and "fail[ing] … to respond to the Court's jurisdictional inquiry." *Id.* at 51-52. As for remedies under its inherent authority, the Court directed the clerk to mail a copy of its order to the State Bar of New York and the District of Columbia Bar, where ethics complaints have been filed against Acting Attorney General Todd

Blanche and Associate Attorney General Stanley Woodward, respectively.[1] *Id.* at 54. Moreover, the Court found that "monetary sanctions [are] appropriate," and that it would "assess monetary sanctions only against Plaintiffs and Plaintiffs' counsel" even though it had authority to sanction additional parties and counsel. *Id.* at 52-53, n.67. The Court deemed it appropriate that the sanctions include "the attorneys' fees incurred by Court-appointed amici" who briefed the lack of Article III jurisdiction but noted that such amici have declined reimbursement. *Id.* at 53. The Court added that "the initial amici—whose appearance was not contested by any Party—and the thirty-five former Federal Judges, whose briefing precipitated this Order" may "submit a memorandum regarding any appropriate reimbursement." *Id*. The Former Federal Judges respectfully submit this memorandum in response.

## II.   THE COURT HAS AUTHORITY TO ORDER REIMBURSEMENT OF FEES TO AMICI.

The Court has discretionary authority to reimburse amici whose participation aided the Court in reaching its decision in this extraordinary matter. The Former Federal Judges raised issues of fact and law that precipitated the Court's examination and ultimate order imposing sanctions on Plaintiffs and their counsel, making a fees award especially appropriate.

---

[1] After the Court issued its order on July 13 and directed that order be sent to the New York State bar for consideration in relation to the bar complaint against Acting Attorney General Todd Blanche filed by Democracy Defenders Fund, Lawyers Defending American Democracy, and a bipartisan group of more than 100 former judges, the Attorney Grievance Committee of the State of New York Supreme Court Appellate Division decided to "take no action in th[at] matter at this time" and advised that the complainants could forward any complaint to the Office of Professional Responsibility at the U.S. Department of Justice. Letter from J. Dopico, Chief Attorney, Attorney Grievance Committee to Democracy Defenders Fund (July 16, 2026), https://www.democracydefendersfund.org/wp-content/uploads/2026/07/2026.2408-R-OA_Redacted.pdf. A request for reconsideration of that decision was submitted on July 24, 2026. Letter from Democracy Defenders Fund et al. to T. Wells, M. Williams, Chairs, Attorney Grievance Committee (July 24, 2026), https://www.democracydefendersfund.org/wp-content/uploads/2026/07/072426_DDF-LDAD-Request-for-Reconsideration-of-June-22-Complaint-Blanche.pdf.  *See also*  ECF 108 (submission by nonparty Rosario Milelli).

First, the issue of fees in this case arises in the context of sanctions on Plaintiffs and their counsel for acting in bad faith in bringing about the underlying litigation and purported settlement. Any awarding of fees would be pursuant to the Court's inherent authority to sanction a party for such misconduct, not under statutory fee shifting schemes. Under its inherent authority, the Court has broad discretion to fashion a remedy that adequately addresses the misconduct at issue. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (courts may "punish conduct which abuses the judicial process" and fashion "an appropriate sanction, from dismissal of a lawsuit to an assessment of attorney's fees"); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("[O]ne permissible sanction is an 'assessment of attorney's fees'—an order, like the one issued here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." (citing *Chambers*, 501 U.S. at 45)); *see* Order, ECF 106 at 52. When "the district court fashions a sanction which is a direct response to the harm that the bad faith conduct of the attorney causes, it is clearly acting within its discretion." *Barnes v. Dalton*, 158 F.3d 1212, 1215 (11th Cir. 1998). Thus, if the Court deems it appropriate, it may order a monetary sanction against Plaintiffs and their counsel in the amount and form of attorneys' fees to entities who assisted the Court in addressing the misconduct, or in other amounts or forms as the Court deems appropriate.

Second, in addition to its inherent authority to impose sanctions for bad faith conduct, the Court may also draw on another line of common law authority to award attorneys' fees to the Former Federal Judges. As the Court has pointed out, "where the court appoints an amicus curiae who renders services which prove beneficial to a resolution of the questions presented, the court may properly award compensation and direct it to be paid by the party responsible for the situation which prompted the court to make the appointment." Order, ECF 106 at 53 (quoting 4 Am. Jur. 2d *Amicus Curiae* § 12); *see also, e.g.*, *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*,

694 F.2d 203, 205 (9th Cir. 1982) ("Common law permits such an award if (1) a court-appointed amicus rendered services that helped resolve the question presented, and (2) the party taxed caused the situation prompting the appointment."). Here, the Court has already found the Former Federal Judges' services were "beneficial to a resolution of the questions presented." *Id.* And there can be no dispute that Plaintiffs and their counsel "caused the situation" at hand. *Id.*; *see also* Order, ECF 106 at 52 n.67.

That the Former Federal Judges were not formally appointed as amici is not dispositive, as this Court need not "exalt[] form over substance." *See Russell v. Bd. of Plumbing Examiners of Cnty. of Westchester*, 74 F. Supp. 2d 349, 351, n.2 (S.D.N.Y. 1999), *aff'd*, 1 Fed. Appx. 38 (2d Cir. 2001) (awarding attorneys' fees to a non-court-appointed amicus). Although this Court did not appoint the Former Federal Judges as amici, their initial voluntary participation in the case led to this Court's May 29 Order, where the Court required further briefing from Plaintiffs and invited the Former Federal Judges to submit an additional reply. Thus, while fee orders have ordinarily applied to amici whose participation was formally appointed by the court, *see Morales v. Turman*, 820 F.2d 728, 731 (5th Cir. 1987), the unique circumstances in this case authorize this Court's discretionary grant of fees to the Former Federal Judges.[2]

An award is especially appropriate in this *sui generis* case, where there was a lack of adversity between the parties and the need for an independent entity to provide the Court with information and legal analysis is particularly acute. *Cf. Arkansas Teacher Ret. Sys. v. State St.*

---

[2] In *Arkansas Teacher Ret. Sys. v. State St. Bank & Tr. Co.*, 513 F. Supp. 3d 202, 209 (D. Mass. 2021), the court recognized that when it sought the aid of amicus without formal appointment, "arguably that is a formality that should not preclude imposing the cost of [amicus's] services on Class Counsel who prompted the court's request for those services." That court ultimately awarded fees to amicus via an alternative avenue—from the common fund in that class-action proceeding. While that avenue is unavailable in this non-class action, this Court also has additional authority under its inherent-authority sanctions power, *see supra* at 5.

*Bank & Tr. Co.*, 513 F. Supp. 3d 202, 205 (D. Mass. 2021) (noting that "the usual adversary process did not operate" when the issue at hand was whether class counsel's proposed award was appropriate, and amicus advanced the interests of the class). And although the Court had initially appointed amici to address the issue of Article III case or controversy *before* the purported settlement and dismissal, *see* ECF 41, the extraordinary purported settlement that followed prompted the Former Federal Judges to bring additional information and legal analysis to this Court. Given that the parties' purported settlement and dismissal would have prematurely cut off this Court's examination of appointed amici's submissions, the role of the Former Federal Judges in presenting crucial issues to this Court is a unique one. Thus, "awarding fees to the amicus would not open the flood-gates to litigious meddlers" in the mine run of cases. *Russell*, 74 F. Supp. 2d at 351.

## III.   THE FORMER FEDERAL JUDGES SEEK ONLY A NOMINAL $1 FEE FOR EACH FIRM AND REIMBURSEMENT OF *PRO HAC VICE* FEES.

The Former Federal Judges seek fees not for any private gain to them or to their counsel but to vindicate the integrity of the judicial process as part of the Court's discretion to issue a proper remedy. Thus, they request only nominal fees of $1 to each firm plus the mailing and *pro hac vice* fees that counsel paid to appear in this Court. Each attorney admitted *pro hac vice* on behalf of the Former Federal Judges and was required to pay this District's $250 admission fee. *See* S.D. Fla. L.R. 4(b). Those fees are itemized as follows:

| Attorney (Admitted Pro Hac Vice) | ECF No(s). | Fee Paid |
|---|---|---|
| Norman L. Eisen | 55; 71 | $250 |
| Stephen A. Jonas | 59; 74 | $250 |
| David W. Ogden | 61; 69 | $250 |
| Matthew J. Platkin | 53; 73 | $250 |
| Angela Cai | 57; 70 | $250 |
| Ravi Ramanathan | 60; 75 | $250 |

| Attorney (Admitted Pro Hac Vice) | ECF No(s). | Fee Paid |
|---|---|---|
| Aaron Haier | 56; 68 | $250 |
| Conor Bradley | 58; 72 | $250 |
| Neal Manne | 84 | $250 |
| Justin Adatto Nelson | 85 | $250 |
| Stephen L. Shackelford, Jr. | 79 | $250 |
| Glenn C. Bridgman | 81 | $250 |
| Davida P. Brook | 78 | $250 |
| Nicholas C. Carullo | 82 | $250 |
| Jillian S. Hewitt | 83 | $250 |
| Russell F. Rennie | 80 | $250 |
| Zachary B. Savage | 77 | $250 |
| Daniel J. Shih | 76 | $250 |
| **TOTAL** | | **$4,500** |

Counsel for the Former Federal Judges, Rivero Mestre LLP, paid those fees. Moreover, Rivero Mestre LLP incurred and paid mailing costs totaling $106.83 in connection with the eighteen pro hac vice applications referenced in this Memorandum, as well as the Motion for Relief from Judgment or Order, or, in the Alternative, for Leave to Appear as Amici Curiae, and the Reply in support thereof. *See* ECF 63 at 17; ECF 94 at 20. These expenses were incurred on May 18, 2026, May 27, 2026, and June 22, 2026, when Rivero Mestre LLP sent, by certified mail, copies of filings submitted on behalf of the Former Federal Judges to the Office of the Attorney General of the United States, the United States Attorney's Office for the Southern District of Florida, and the Internal Revenue Service.

The total sum of fees—$4,610.83—is minuscule relative to the time and efforts of counsel in carefully researching and presenting briefing on behalf of the Former Federal Judges in this matter of first impression to this Court. Awarding it would do no more than make counsel whole for the ministerial cost of appearing and provide a symbolic acknowledgment of the principles that

this Court has highlighted in its Order: that there must be accountability for violating the integrity of the court process. That outcome is squarely authorized by the broad discretion afforded to courts under their inherent authority.

**IV. CONCLUSION**

For the foregoing reasons, the Former Federal Judges respectfully request that the Court order Plaintiffs to award each of the undersigned firms a nominal attorneys' fee of $1 and reimbursement of the *pro hac vice* admission fees and mailing costs in the total amount of $4,606.83 to Rivero Mestre LLP, together with any other and further relief as the Court deems just and proper.

Dated: July 27, 2026

Respectfully submitted,

/s/ Matthew J. Platkin

Matthew J. Platkin*
Angela Cai*
Ravi Ramanathan*
Aaron E. Haier*
Conor Bradley*
**PLATKIN LLP**
413 Washington Ave.
Unit 174
Belleville, NJ 07109
Phone: (973) 561-1951
Email: mplatkin@platkinllp.com

Neal S. Manne*
Justin A. Nelson*
Stephen Shackelford, Jr.*
Davida Brook*
Daniel J. Shih*
Zach Savage*
Glenn Bridgman*
Jillian Hewitt*
Nick Carullo*

9

Russell Rennie*
**SUSMAN GODFREY L.L.P.**^
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 1-713-653-7802
Email: jnelson@susmangodfrey.com

*Counsel for Movants / Amici Curiae Judge Michael Luttig (Ret.) and Judge Nancy Gertner (Ret.) only*

Norman L. Eisen*
David W. Ogden*
Stephen A. Jonas*
**DEMOCRACY DEFENDERS ACTION**
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
(202) 594-9958
Email: norman@democracydefenders.org

**RIVERO MESTRE LLP**
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: dtenjido@riveromestre.com

By: /s/ Andrés Rivero

Andrés Rivero
Florida Bar No. 613819
Daniela Tenjido-Eljaiek
Florida Bar No. 1031531

*Counsel for Movants / Amici Curiae 35 Former Federal Judges*

*admitted pro hac vice*

*^primary office listed*

10

## APPENDIX: LIST OF MOVANTS / AMICI CURIAE

Judge Michael Luttig, U.S. Circuit Judge, U.S. Court of Appeals for the Fourth Circuit (Ret.)

Judge Nancy Gertner, U.S. District Judge, District of Massachusetts (Ret.)

Chief Judge John W. Bissell, U.S. District Judge, District of New Jersey (Ret.)

Judge Geraldine Soat Brown, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Chief Judge Rubén Castillo, U.S. District Judge, Northern District of Illinois (Ret.)

Chief Judge U.W. Clemon, U.S. District Judge, Northern District of Alabama (Ret.)

Judge Susan E. Cox, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge Morton Denlow, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge David K. Duncan, U.S. Magistrate Judge, District of Arizona (Ret.)

Chief Judge Sheila Finnegan, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge Jeremy Fogel, U.S. District Judge, Northern District of California (Ret.)

Judge James C. Francis IV, U.S. Magistrate Judge, Southern District of New York (Ret.)

Judge Steven M. Gold, U.S. Magistrate Judge, Eastern District of New York (Ret.)

Judge A. Benjamin Goldgar, U.S. Bankruptcy Judge, Northern District of Illinois (Ret.)

Judge Paul W. Grimm, U.S. District Judge, District of Maryland (Ret.)

Chief Judge Robert Harlan Henry, U.S. Circuit Judge, U.S. Court of Appeals for the Tenth Circuit (Ret.)

Judge Thelton Henderson, U.S. District Judge, Northern District of California (Ret.)

Judge Richard J. Holwell, U.S. District Judge, Southern District of New York (Ret.)

Judge Ellen Segal Huvelle, U.S. District Judge, District of Columbia (Ret.)

Judge John E. Jones III, U.S. District Judge, Middle District of Pennsylvania (Ret.)

Judge Barbara M. G. Lynn, U.S. District Judge, Northern District of Texas (Ret.)

Judge Roanne L. Mann, U.S. Magistrate Judge, Eastern District of New York (Ret.)

11

Judge A. Howard Matz, U.S. District Judge, Central District of California (Ret.)

Chief Judge Paul Michel, U.S. Circuit Judge, U.S. Court of Appeals for the Federal Circuit (Ret.)

Judge Kathleen O'Malley, U.S. Circuit Judge, U.S. Court of Appeals for the Federal Circuit (Ret.)

Judge Brian Owsley, U.S. Magistrate Judge, Southern District of Texas (Ret.)

Judge Philip M. Pro, U.S. District Judge, District of Nevada (Ret.)

Judge Victoria A. Roberts, U.S. District Judge, Eastern District of Michigan (Ret.)

Judge Shira A. Scheindlin, U.S. District Judge, Southern District of New York (Ret.)

Judge Fern M. Smith, U.S. District Judge, Northern District of California (Ret.)

Judge John D. Tinder, U.S. Circuit Judge, U.S. Court of Appeals for the Seventh Circuit (Ret.)

Judge Ursula Ungaro, U.S. District Judge, Southern District of Florida (Ret.)

Judge T. John Ward, U.S. District Judge, Eastern District of Texas (Ret.)

Judge Mark L. Wolf, U.S. District Judge, District of Massachusetts (Ret.)

Judge Lee Yeakel, U.S. District Judge, Western District of Texas (Ret.)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of July 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which automatically serves all counsel of record for the parties who have appeared.

Pursuant to Southern District of Florida Local Rule 5.2(a), I further certify that I caused the foregoing to be served by certified mail, return receipt requested, on the following governmental entities who are defendants in this action or act as an entity which accepts service on behalf of the defendants in this action: (1) Internal Revenue Service, 1111 Constitution Avenue, NW, Washington, D.C. 20224; (2) United States Office of the Attorney General, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530; and (3) Southern District of Florida United States Attorney's Office, 99 N.E. 4th Street, Miami, FL 33131. Service to these entities was made via mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C).

By: /s/ Andrés Rivero
Andrés Rivero