UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-20609-WILLIAMS/LETT

PRESIDENT DONALD J. TRUMP, et al.,
Plaintiffs,

v.

INTERNAL REVENUE SERVICE, et al.,
Defendants.

**RESPONSE OF COURT-APPOINTED *AMICI CURIAE* ACCEPTING APPOINTMENT TO RESPOND TO PLAINTIFFS' STAY MOTION AND OPPOSING PLAINTIFFS' REQUEST FOR EXPEDITED CONSIDERATION**

On Friday, July 31, 2026, Plaintiffs filed an expedited motion seeking a stay of this Court's July 13, 2026 order imposing sanctions and related proceedings pending an appeal to the U.S. Court of Appeals for the Eleventh Circuit. *See* ECF No. 114. Plaintiffs requested a ruling on their motion within five days, by Wednesday, August 5. Because Defendants do not intend to oppose Plaintiffs' motion, this Court requested that the undersigned court-appointed *amici curiae* file a response. ECF No. 115. *Amici* accept that invitation and look forward to assisting the Court. But because Plaintiffs have not established that good cause exists to expedite consideration of their stay motion, *amici* respectfully request that this Court adopt the standard briefing schedule set forth in the Local Rules for the U.S. District Court for the Southern District of Florida and direct Court-appointed *amici* to file a response by Friday, August 14, 2026.

## BACKGROUND

On January 29, 2026, Plaintiffs President Donald J. Trump, Donald J. Trump Jr., Eric Trump, and the Trump Organization, LLC ("Plaintiffs") filed this lawsuit against the Internal Revenue Service and the Treasury Department ("Defendants"). Plaintiffs subsequently filed a consent motion extending Defendants' time to respond to the Complaint while the parties participated in "discussions designed to resolve this matter and to avoid protracted litigation." ECF No. 40 at 2. Based on concerns about the relationship between the parties—and, specifically, President Trump's "ostensibly . . . direct, unassailable control over Defendants"— this Court appointed *amici curiae* "to assist the Court in identifying the applicable law governing an analysis" of its subject matter jurisdiction. ECF No. 106 at 6. *Amici* filed the requested responsive memorandum on May 14, 2026. ECF No. 45.

Four days later, Plaintiffs filed a notice of voluntary dismissal with prejudice. ECF No. 52. The Department of Justice then issued a press release announcing the parties had reached a settlement. ECF No. 106 at 6-7. The terms of the purported settlement including "a formal apology from the United States" and the creation of an "Anti-Weaponization Fund" in the amount of $1.776 billion dollars, which was reportedly intended to "provide a systematic process to hear and redress claims of [individuals] who suffered weaponization and lawfare." *Id.* at 7. The day after the dismissal, Acting Attorney General Todd Blanche issued an order referencing the settlement agreement and releasing the President and his affiliates from a broad range of claims related to this lawsuit, "Lawfare and/or Weaponization," and other matters "currently pending or that could be pending" before federal agencies. *Id.* at 8.

On May 27, 2026, thirty-five former federal judges filed a motion under Rule 60 of the Federal Rules of Civil Procedure asking this Court to reopen this case. ECF No. 63. The movants asked the Court to "resume its inquiry into whether there is an actual underlying case or controversy" and investigate whether the parties' settlement "is a product of collusion" and a "fraud on the Court." *Id.* at 6, 9. On May 29, the Court directed Plaintiffs to respond. ECF No. 65. Plaintiffs filed an opposition to the Rule 60 motion on June 12, and the movants filed a reply brief on June 19. ECF Nos. 89, 94.

On July 13, 2026, this Court found that Plaintiffs filed the lawsuit for an "improper purpose"—specifically, "to gain the imprimatur of judicial legitimacy for a 'settlement' that had no viable basis in law or fact." ECF No. 106 at 38. The Court then went on to impose sanctions on Plaintiffs. First, the Court imposed non-monetary sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.* at 46–47. It referred Plaintiffs' Attorney Alejandro Brito to the Florida Bar, specified that all applications by Attorney Daniel Z. Epstein for admission *pro hac vice* in the Southern District of Florida be denied for one year, and prohibited the parties from "referring to the purported 'settlement agreement,' or using, offering, admitting, or citing any of its provisions in any judicial, administrative, regulatory, arbitration, or any other official proceeding as evidence of a 'settlement' reached in this matter." *Id.*

The Court also found, pursuant to its inherent sanctions authority, that monetary sanctions would be "appropriate." *Id.* at 52. The Court did not issue a final determination about the magnitude of the sanction it would impose. Instead, it noted only that "[t]hese monetary sanctions would include the attorneys' fees incurred" by certain *amici* and invited those *amici* "if they wish," to file a "memorandum regarding any appropriate reimbursement" within 14 days. *Id.* at 52–53. The Court further directed the Clerk of Court to mail a copy of its order to the State Bars of New York and the District of Columbia, where ethics complaints have been filed against certain attorneys for Defendants. *Id.* at 53–54, 54 n.70.

Nearly three weeks later, on July 31, 2026, Plaintiffs appealed the sanctions order to the U.S. Court of Appeals for the Eleventh Circuit and filed an "expedited motion" to stay the order and related proceedings pending appeal. ECF Nos. 113, 114. They requested that the Court rule on the stay motion within 5 days, "on or before August 5, 2026," noting that they intended to seek appellate relief on that date if this Court had yet to rule. ECF No. 114 at 21. Plaintiffs also insisted that expedited consideration was warranted because "the Sanctions Order's operative

provisions are in effect now and inflict continuing, irreparable harm each day they remain in force." *Id.*

On August 1, 2026, this Court requested that the undersigned Court-appointed *amici* "submit a response identifying relevant legal authority and addressing the multiple issues raised" in Plaintiffs' motion for a stay.  ECF No. 115.

## ARGUMENT

*Amici* accept the Court's invitation to respond to Plaintiffs' motion for a stay.  The undersigned are grateful for the opportunity to aid the Court in this matter and look forward to addressing the issues raised in Plaintiffs' motion.

*Amici* respectfully request that this Court order them to respond to Plaintiffs' motion for a stay by Friday, August 14, 2026.  Under the Local Rules for the U.S. District Court for the Southern District of Florida, a response to a motion must be filed "no later than fourteen (14) days after service of the motion."  S.D. Fla. L.R. 7.1(c)(1).  Accordingly, by default, any opposition to Plaintiffs' July 31, 2026 stay motion would be due on August 14, 2026.  Defendants do not intend to file an opposition, and this Court has requested that *amici* respond instead.  ECF No. 115.  Because *amici* are responding in lieu of Defendants, it would be appropriate to afford *amici* the same amount of time for their response that Defendants would have received.

Plaintiffs have not established that they are entitled to a speedier resolution.  This Court can modify the time requirements of the Local Rules "upon . . . good cause shown."  S.D. Fla. L.R. 7.1(d).  A movant seeking such a modification must "set forth in detail the date by which an expedited ruling is needed and the reason the ruling is needed by the stated date."  S.D. Fla. L.R. 7.1(d)(2).  Plaintiffs have not made the necessary showing.  They have simply submitted that they will seek emergency relief from the Eleventh Circuit if this Court has not ruled by August 5 and maintain that the provisions of the sanctions order "inflict continuing, irreparable harm each day they remain in force."  ECF No. 114 at 1, 21.  Their unsupported contentions that time is of the essence do not establish that August 5 is a salient date or provide a reason to deviate from the ordinary briefing schedule.

Additionally, Plaintiffs' own conduct undermines their claim that they require an immediate ruling.  The Court issued its sanctions ruling on July 13, 2026.  ECF No. 106.  Plaintiffs did not file their stay application until July 31, 2026.  ECF No. 114.  They cannot

reasonably contend that giving *amici* the default two weeks to respond to their motion would inflict irreparable harm when they waited nearly three weeks to file themselves.

## CONCLUSION

*Amici* respectfully request that the Court order that they file a response to Plaintiffs' motion for a stay, ECF No. 114, by August 14, 2026.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Undersigned counsel certifies that, on August 3, 2026, *amici* contacted counsel for Plaintiffs in a good faith effort to resolve the issues raised in this response.  On August 4, 2026, Plaintiffs informed counsel that they oppose *amici*'s request to follow the default briefing schedule, and *amici* and Plaintiffs were unable to resolve their divergent positions.

Dated:   August 4, 2026                    Respectfully submitted,

                                           SELENDY GAY PLLC


                              By:   /s/  *Faith E. Gay*
                                    _____
                                    Faith E. Gay (Fla. Bar #129593)
                                    Philippe Z. Selendy* (N.Y. Bar #2630598)
                                    Corey Stoughton* (N.Y. Bar #4152633)
                                    SELENDY GAY PLLC
                                    1290 Avenue of the Americas
                                    New York, NY  10104
                                    Tel: 212-390-9000
                                    fgay@selendygay.com
                                    pselendy@selendygay.com
                                    cstoughton@selendygay.com

                                    John Gleeson* (N.Y. Bar #1820992)
                                    DEBEVOISE & PLIMPTON LLP
                                    66 Hudson Boulevard
                                    New York, NY  10001
                                    Tel: 212-909-6000
                                    jgleeson@debevoise.com

                                    David A. O'Neil* (D.C. Bar #1030615)
                                    DEBEVOISE & PLIMPTON LLP
                                    801 Pennsylvania Ave. NW
                                    Washington, DC  20004
                                    Tel: 202-383-8000
                                    daoneil@debevoise.com

                                    Donald B. Verrilli, Jr.* (D.C. Bar #420434)
                                    MUNGER TOLLES & OLSON LLP
                                    601 Massachusetts Ave. NW, Suite 500 E
                                    Washington, DC  20001
                                    Tel: 202-220-1100
                                    donald.verrilli@mto.com

                                    *Court-Appointed Amici Curiae*

                                    * admitted *pro hac vice*

5